## Commonwealth, Appellant, *v.* Panhandle Mining Company.

Argued March 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John A. Moss,* Deputy Attorney General, with him *Joseph A. Langfitt, Jr.,* and *Wm. A. Schnader,* Attorney General, for appellant.

*Thomas D. Murray,* for appellee, was not heard.

PER CURIAM, April 23, 1934:

This is an appeal from judgment of the County Court of Allegheny County, entered for defendant upon an affidavit of defense in the nature of a demurrer in an action of trespass. The Commonwealth sought to recover from Panhandle Mining Company, defendant, the cost of repairing a portion of a state highway which subsided due to mining operations beneath it. The highway in question, known as Route 545, is located in South Fayette Township, Allegheny County, and the subsidence took place during the month of February, 1930. Defendant obtained title to the land abutting on the highway in 1928; it is, however, admitted the mining operations which caused the settling of the surface were performed by defendant's predecessor in title.

The Commonwealth maintains that the subsidence of the highway constitutes a public nuisance for the abatement of which defendant must answer in damages. This contention was rejected by the court below. The applicable principles of law are lucidly stated in the comprehensive opinion of the learned judge of the court below and need not be expanded by us. The judgment is accordingly affirmed on the following excerpts from Judge SOFFEL's opinion:

"The question involved is whether the owner of property abutting upon a public highway is liable to the Commonwealth for a subsidence of the highway due to mining operations conducted by a predecessor in title. Is the statement of claim fatally defective which fails to aver that the mining operations which caused the subsidence of the highway were conducted by or for or in behalf of the defendant? The question is interesting and its determination rests upon the law as developed in the long line of decisions dealing with coal and mining rights.

"It has always been the law in Pennsylvania, as first stated in Jones v. Wagner, 86 Pa. 429, that the surface of lands owes to the lower estate an easement or servitude for access, and the lower estates owe to each other and to the surface an easement for support. That the underlying or mineral estate owes a servitude of sufficient support to the upper or superincumbent strata is settled law in the State of Pennsylvania. ...... Valley Coal Co. v. Manufacturers Water Co., 295 Pa. 40 [and cases there cited].

"The right of the surface owner of land to lateral support for his ground in its natural state, which does not include support for the protection of buildings or other structures placed upon it, has been recognized. ..... Home Brewing Co. v. Thomas Colliery Co., 274 Pa. 56 [and cases cited].

"In Breisch v. Coal Co., 267 Pa. 546, the responsibility was enlarged to include the support of a public highway. This case holds that the owner of land abutting on a highway may use the land for his own purpose in any way not inconsistent with the public easement, but that in mining coal under a public highway, the removal must be done in such a manner as not to injure the surface of the highway or create a condition whereby injury may follow later.

"The earlier case of Scranton v. Peoples Coal Co., 256 Pa. 332, applies the same principal: 'The abutting owner cannot remove minerals from under or adjacent to an established highway in such manner as to cause a subsidence or other injury thereto; and to do so is a nuisance, which in a clear case will be restrained in equity at the suit of the municipality.'

"The defendant admits, as a legal proposition, the servitude owed by the lower estate to the surface for support, but denies its application in the instant case, for the reason that the defendant did not mine the coal that caused the subsidence of the highway and cannot therefore be held to answer in damages for the removal of coal

by a predecessor in title. In support of this contention, the defendant relies on 40 Corpus Juris 1202, section 936, which reads as follows: 'In actions by the surface owner for deprivation of subjacent support, the owner of the surface has the burden of proving that defendant mined coal under his land, and that such mining was the proximate cause of subsidence of the surface as charged in the complaint' [and further cites] Noonan v. Pardee, 200 Pa. 474 [in which]......after discussing the statute of limitations applicable to actions brought for damages to the surface caused by the removal of the underlying coal, the Supreme Court, in its opinion, says: 'But, however this may be, we hold that the miner is not forever answerable for even his own default; further, in no case is he answerable for the default of his predecessor before his possession. Neither equity nor law demands that any greater burden should be placed upon him than that indicated; any heavier one would encourage the purchase of surface over coal mines for speculation in future law suits.'

"It is the contention of the defendant that the law of Noonan v. Pardee controls the instant case. With this contention, the court in banc is in accord, and it is of the opinion that the Commonwealth cannot recover damages from an abutting subsequent property owner for the subsidence of a highway caused by a former owner of the mineral estate. Before the Commonwealth could recover in a case of this kind, it must aver and prove that the owner whose premises abutted on the highway has actually mined the coal that caused the damage complained of, and that such mining was the proximate cause of the subsidence of the surface. An examination of the cases cited in this opinion, shows that where recovery has been permitted, it is against a defendant who mined the coal."

Judgment affirmed.