Robert H. FREDERICK and Elsie M. Frederick, his wife, Plaintiffs,

v.

Anchel BURG, Individually and trading as Burg Construction Company, Bernard M. Lee, Norbert Stern and Cizella Stern, his wife, and William Elkind and Sue Elkind, his wife, Defendants.

Civ. A. No. 15004.

United States District Court
W. D. Pennsylvania.
Feb. 7, 1957.

Ryan, Geer & Bowser, Pittsburgh, Pa., for plaintiffs.

Robert E. Kline, Arthur Grossman, Pittsburgh, Pa., for defendants.

McILVAINE, District Judge.

In this case the plaintiffs have brought suit against Anchel Burg and Bernard M. Lee, charging that they caused to be excavated and graded the land now owned by defendants, Norbert Stern, Cizella Stern, William Elkind, and Sue Elkind, but apparently not owned by them at the time of the excavation. The plaintiffs charge that Bernard Lee and Anchel Burg in so excavating, grading, and digging removed the lateral support from plaintiffs' property and caused damage to same. They do not charge that Bernard Lee and Anchel Burg were the agents of the other defendants in this case, but charge that the other defendants since they have purchased the property have not provided any lateral support of their property, and that sliding and washouts along the lines of plaintiffs' property are continuing.

This property is situated in the State of Ohio and plaintiffs and defendants, Stern and Elkind, are adjacent property owners. Defendants, William Elkind and Sue Elkind, have filed a motion to dismiss the action on the grounds that the complaint fails to state a claim against them upon which relief can be granted. Counsel for the plaintiff has advised the Court by his Brief that a stipulation was entered into with the defendants, Norbert Stern and Cizella Stern, that the decision on this motion would also affect their status as defendants.

The defendants in support of their motion to dismiss rely on the Restatement of the Law of Torts which provides that:

" * * * a person who withdraws the naturally necessary lateral support of land in another's possession, or support which has been substituted for the naturally necessary support, is liable for a subsidence of such land of the other as was naturally dependent upon the support withdrawn, in the absence of a superseding cause or other reason for relieving him." Restatement, Torts, § 817(1).

In comments explaining the Subsection (1), it is pointed out that:

"The person liable under the rule stated in this Subsection is the actor who withdraws the naturally necessary support. It is immaterial whether in respect to the supporting land the actor be owner, possessor, licensee, or trespasser. The owner or possessor of this land is not liable under the rule stated in this Subsection unless he was an actor in the withdrawal of support.

" * * * Transfer of his land to a third person does not relieve him of risk of liability or subject the subsequent possessor to this liability." Restatement, Torts, § 817 (j).

The plaintiffs in support of their position have been unable to cite any Ohio case that would substantiate the position taken by them that these defendants, Stern and Elkind, should be liable for the removal of the lateral support under the circumstances of this case. The only

case that they rely on is Gorton v. Schofield, 1920, 311 Mass. 352, 41 N.E.2d 12, 139 A.L.R. 1262. However, the facts of that case do not support plaintiffs' position for in that case the subsequent landowner was held liable to an adjoining owner where an excavation was made by the predecessor in title of the first owner and a retaining wall which was erected by such predecessor to protect the adjoining property had been allowed to become out of repair so that damage resulted to the adjoining owner. In the case before the Court the defendants, Stern and Elkind, predecessors in title, did not erect any retaining wall to give support to plaintiffs' land; and these defendants have done nothing to alter or affect the conditions as they were when they took title to their property.

 Inasmuch as plaintiffs have been unable to cite any Ohio law or cases to support their position, and in fact no cases from any jurisdiction in support of their position, this Court will assume that the law of Ohio is the same as the law of Pennsylvania, the state in which this Court is sitting. We will, therefore, apply Pennsylvania law. The law of Pennsylvania supports and follows the position of the Restatement. See Commonwealth v. Panhandle Mining Co., 1934, 315 Pa. 16, 172 A. 106.

 In the alternative, plaintiffs maintain that even if these defendants are not liable for the original excavation they should be held liable for the continuous washing of debris, dirt, and rubble from the defendants' property onto the plaintiffs' property. The plaintiffs in support of this contention are relying on the Restatement of the Law of Torts, § 839, and cite *part* of that section in their Brief. The part that they have cited provides that:

"(1) * * * a possessor of land is liable for an invasion of another's interest in the use and enjoyment of other land occurring while he is in possession, if the invasion results from an abatable physical condition on his land which

he has failed to take reasonable steps to abate, * * *."

However, this is not the entire section and the entire section has an addition which provides:

"and if the invasion is otherwise actionable under the rule stated in § 822."

That section provides that:

"The actor is liable in an action for damages for a non-trespassory invasion of another's interest in the private use and enjoyment of land if,

"(a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and

"(b) the invasion is substantial; and

"(c) the actor's conduct is a legal cause of the invasion; and

"(d) the invasion is either

"(i) intentional and unreasonable; or

"(ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct." Restatement, Torts, § 822.

It is important that the actor's conduct be the legal cause of the invasion of another's property. See Comment on Clause (c) Restatement, Torts, § 822.

 It appears to this Court that the legal cause of the harm to the plaintiffs herein was the removal of the lateral support. These defendants did not remove the lateral support, nor did they cause same to be removed. These defendants were not the persons whose acts set in motion a force or a chain of events which resulted in the invasion. Since no action on their part was the legal cause of the invasion, they cannot be held liable. Nor are they liable for any failure to act, and give lateral support to plaintiffs' property since only the persons who remove another's lateral support could be held liable. See Restatement, Torts, § 824, *Comments a and d.*