CHRIS J. KIENKE, APPELLEE, V. WILLIAM N. HUDSON, APPELLANT.

FILED MARCH 30, 1934.   No. 28870.

*Sterling F. Mutz* and *Robert S. Stauffer*, for appellant.

*J. J. Harrington* and *Ross Amspoker, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and REDICK, District Judges.

CHAPPELL, District Judge.

This case is presented to the court a second time, having been heretofore reported in 122 Neb. 475. After reversal, as a companion case to *Kienke v. Kirsch*, 121 Neb. 688, and retrial thereof to the court, without a jury, the sole question for our determination is whether this action was barred by the statute of limitations.

Plaintiff, appellee herein, filed an action in the district court for Keya Paha county, Nebraska, on October 10, 1929, against George J. Kirsch and William N. Hudson, defendants, to recover $7,746, with interest at 8 per cent. from October 2, 1929, the balance due upon a promissory note dated December 2, 1920, due six months after date, indorsed on the back of which were payments of interest

or principal, or both, on the dates December 1, 1921, February 6, 1923, September 26, 1924, January 9, 1925, June 10, 1925, June 2, 1926, December 4, 1926, June 11, 1927, December 2, 1927, and June 2, 1928. Defendant George J. Kirsch defaulted and judgment was rendered against him. Defendant William N. Hudson answered and, among other defenses, pleaded the statute of limitations. Upon trial thereof the court found generally for plaintiff and against defendant William N. Hudson and entered judgment for $9,808, with interest at 8 per cent. from February 10, 1933, from which he appeals to this court.

It is admitted that defendant George J. Kirsch made all the payments. The contention is, however, that appellant specifically authorized the payments to be made for him, and that, in any event, the payments were made under such circumstances that appellant is estopped to claim that they were not made for him with his knowledge and authority.

The evidence discloses that, at the time this note was given, plaintiff was the owner of a secured note for more than $8,000 given to him for valuable consideration by one Ira Baker. The Burton State Bank, of which defendant George J. Kirsch was cashier, and appellant, his father-in-law, was vice-president, held Ira Baker's unsecured note. In order that the bank could own both of these notes, have both of them under its control and obtain the benefit of plaintiff's secured note, thus strengthening the bank's paper, and to pay a small balance owing plaintiff, the defendants gave the note in controversy to plaintiff and took over the secured note then owned by plaintiff. At the time the note in controversy was given it was agreed between the parties that defendant George J. Kirsch should pay the principal and interest as it accrued through the Burton State Bank. Appellant denies this, but a careful reading of the evidence convinces us and warranted a finding by the trial court that these payments were made by defendant George J. Kirsch as previously agreed upon.

The appellant and defendant George J. Kirsch were

both makers of this note and primarily liable. *Kienke v. Kirsch,* 121 Neb. 688; *Kienke v. Hudson,* 122 Neb. 475. We said in *Stroud v. Payne,* 124 Neb. 612: "Any voluntary payment made upon a promissory note by the maker, or by any one by him authorized, will be sufficient to arrest the running of the statute of limitations. * * * Whether a payment made on a promissory note by a third party was authorized by the maker is a question of fact, and the findings of a jury upon such question will not be disturbed unless clearly wrong." Having been tried to the court without a jury, the same result follows. See, also, *McNamee v. Graese,* 245 N. W. (S. Dak.) 924; *Bosler v. McShane,* 78 Neb. 86.

Further, the evidence discloses that on May 6, 1918, plaintiff sold to defendant George J. Kirsch certain shares of stock then owned by him in the Burton State Bank; that thereafter, on May 7, 1918, appellant was issued 20 shares of this stock and was thereupon elected vice-president and director of the bank, and thereafter continued at all times to be a stockholder, director, vice-president and active executive officer of the bank until its insolvency in 1928. During all this period he attended meetings of the stockholders, officers, executives and directors of the bank; signed his name to the minutes, records and reports as such; made a thorough examination of the books and records of the bank and approved them as correct; authorized and declared dividends; and authorized transfers of undivided profits to the surplus account; authorized the borrowing of money and the payment of salaries to duly elected officers and employees of the bank; knew that the payments upon this note were made and the manner thereof through the bank by George J. Kirsch from dividends declared out of its undivided profits account and charged as expense. He will not now be permitted by this court to say that such payments were not made by him or by some one duly authorized by him so to do. *Merchants Bank v. Rudolf,* 5 Neb. 527; *Kienke v. Kirsch, supra; Kienke v. Hudson, supra; McNamee v. Graese,*

*supra.* The payments on the note were the natural and reasonable sequence of his agreement. *Bosler v. McShane, supra; Ebersole v. Omaha Nat. Bank,* 71 Neb. 778.

Appellant's contention that he could use declared dividends for any purpose he desired, that he gave them to defendant George J. Kirsch to do with as he pleased, that the payments upon the note were made by the defendant George J. Kirsch out of declared dividends, and that he owed no duty to plaintiff in this connection, cannot assist him in the controversy. The evidence is clear that the payment made on January 9, 1925, was made out of the undivided profits of the bank and charged upon the books of the bank as expenses. It was not paid out of declared dividends. The statute of limitations did not begin to run until after the payment on January 9, 1925, and the action was not barred in any event until after January 9, 1930. Payment, after the maturity of a note, made before the statute of limitations has run, tolls the statute, and a new right of action accrues after each payment. Comp. St. 1929, sec. 20-216; *Blair v. Estate of Willman,* 105 Neb. 735; *McLaughlin v. Senne,* 78 Neb. 631; *Ebersole v. Omaha Nat. Bank, supra; Teegarden v. Burton,* 62 Neb. 639; *Rolfe v. Pilloud,* 16 Neb. 21; *Sornberger v. Lee,* 14 Neb. 193.

The judgment of the district court was right, and it is

AFFIRMED.