ROBERT D. REED, APPELLANT, v. LAWRENCE L. REED, APPELLEE.

153 N. W. 2d 356

Filed October 13, 1967. No. 36556.

Matthews, Kelley & Cannon, for appellant.

Gross, Welch, Vinardi, Kauffman & Schatz, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for damages brought by Robert D. Reed as plaintiff against Lawrence L. Reed. The plaintiff and the defendant are brothers. The plaintiff was injured on September 2, 1963, while a passenger in a motorboat that was owned and being operated by the defendant. As a result of the injuries sustained in the accident, the plaintiff's right leg was amputated between the knee and the ankle.

The State Boat Act provides that the owner of a vessel shall be liable for any injury or damage occasioned

by the negligent operation of the vessel if being used with the owner's consent, "whether such negligence consists of a violation of the provisions of the statutes of this state or neglecting to observe such ordinary care and such operation as the rules of the common law require." § 81-815.16, R. R. S. 1943.

The plaintiff alleged that the defendant was negligent in operating his boat so as to cause a displacement wave that interfered with the control of other boats; in failing to keep a proper lookout; in failing to keep his boat under proper control; in operating his boat from a dangerous position; and in failing to turn or otherwise attempt to evade the approaching craft.

At the close of the plaintiff's evidence, the trial court sustained the defendant's motion to dismiss the action upon the ground that the plaintiff had failed to prove any negligence. The plaintiff's motion for new trial was overruled and he has appealed.

A party against whom a motion to dismiss is made is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be drawn from the evidence. Willey v. Parriott, 179 Neb. 828, 140 N. W. 2d 652. If there is any evidence which will sustain a finding for the litigant having the burden of proof in a cause, the trial court may not disregard it and decide the case as a matter of law.

The record shows that the defendant's boat, which was involved in the accident, was a 14-foot plywood inboard boat powered by a 1949 Plymouth automobile engine. There was a steering wheel on the left side of the front seat which operated the rudder and controlled the direction of the boat. The boat had a maximum speed of 31 miles per hour.

On September 2, 1963, which was Labor Day, the plaintiff and the defendant had been water-skiing at Carter Lake. The weather was clear but it was cool and windy. At the time the accident happened, the defendant was operating his boat in a westerly direction at a speed of

approximately 20 miles per hour in the northern part of the lake. Both the plaintiff and defendant were sitting on the back of the front seat, or the deck just behind the front seat, the defendant on the left and the plaintiff on the right.

The defendant, who was called as a witness by the plaintiff, testified that when his boat was still east of the dock he noticed that a boat, identified as the Warner boat, was following his boat. The Warner boat attempted to turn to the right or northwest and cross the wake or displacement wave of the defendant's boat. When the Warner boat struck the right displacement wave, its occupants were thrown out of the boat and into the lake. At that time the Warner boat was 50 to 75 feet, or 4 to 6 boat lengths, to the rear of the defendant's boat and traveling, probably, 10 miles per hour faster than the defendant's boat. The plaintiff estimated the speed of the Warner boat to be 5 to 10 miles per hour faster than the defendant's boat.

The defendant further testified that when the occupants were thrown out of the Warner boat, he saw that the Warner boat was "trapped" in the wake of his boat; that the Warner boat changed its course and headed for his boat; and that it was overtaking his boat "fairly rapidly." The defendant then looked around to the front of his boat and continued on the same course at the same speed and did not look to the rear again until the Warner boat had struck his boat. The defendant estimated that 5 to 10 seconds elapsed from the time that he turned from observing the Warner boat until the collision occurred.

The Warner boat struck the rear of the defendant's boat and came up over it, striking the defendant and knocking him out of the boat. The plaintiff jumped out of the boat, but his right foot struck the propellor of the Warner boat.

The defendant testified that if he had made a sharp turn to the left or right he could have avoided the acci-

dent; that he had time to make a turn; and that there was nothing ahead or on either side which prevented his making a turn.

The evidence which has been summarized, when considered in the light most favorable to the plaintiff, tended to prove the plaintiff's allegation that the defendant was negligent in failing to turn or otherwise attempt to evade the Warner boat which was approaching on a collision course and overtaking the defendant's boat. The motion to dismiss made at the close of the plaintiff's evidence should have been overruled.

The defendant argues that he was confronted with a sudden emergency and is entitled to the benefit of the sudden emergency rule. Although there is some conflict in the evidence concerning the time which elapsed between the time that the occupants in the Warner boat were thrown into the lake and the time when the collision occurred, this presented a question for the jury. There was evidence from which the jury could find that the defendant had sufficient time in which to turn in an effort to avoid the collision.

The defendant further argues that the plaintiff was guilty of contributory negligence as a matter of law sufficient to bar any recovery because he failed to warn the defendant of the approaching Warner boat. The defendant testified that he observed the Warner boat at the time its occupants were thrown into the lake. Until this occurred, there was no occasion to warn the defendant, and after it occurred he was fully cognizant of the situation. The defendant's contention is without merit.

The defendant also contends that the "motor vehicle" guest statute, section 39-740, R. R. S. 1943, is applicable to motorboats and that the plaintiff must allege and prove gross negligence before he can recover damages from the defendant. We do not believe that the Legislature intended to include motorboats within the classification of "motor vehicles" as that term is used in sec-

tion 39-740, R. R. S. 1943. The statute has no application in this case.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.