WILLIAM H. PICK, JR., ET AL., CONSERVATORS OF LOUIS
PICK, APPELLANTS, V. GEORGE PICK ET AL., APPELLEES.
171 N. W. 2d 766

Filed October 24, 1969. No. 37273.

Addison & Addison, for appellants.

Ryan & Scoville, for appellees George Pick and Marilyn Pick.

McFadden & Kirby, for appellee Herbert Pick.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action against the makers of a promissory note. The plaintiffs are the conservators of Louis Pick, the payee of the note.

The note evidenced a loan of $3,000 to the defendants. They admit the execution and delivery of the note but contend that the action is barred by the statute of limitations. At the close of all the evidence the trial court found that the action was barred and directed a verdict for the defendants. The plaintiffs' motion for new trial was overruled and they have appealed.

An action upon a promissory note must be brought within 5 years. § 25-205, R. R. S. 1943. The note was

due February 6, 1963. The action was commenced April 12, 1968. The plaintiffs contend that the action is not barred because the defendants had paid interest on the note up to and including February 6, 1964.

A voluntary payment of any part of the principal or interest upon a promissory note tolls the statute of limitations and a new right of action accrues after each payment. Kienke v. Hudson, 126 Neb. 551, 253 N. W. 687. The statute is not tolled as to a joint maker unless the payment was made with his authority or consent. Kuhse v. Luther, 130 Neb. 623, 266 N. W. 66.

Raymond R. Pick, one of the plaintiffs, testified that in a conversation with the defendant George Pick in August 1964, George Pick stated that he had paid the interest on the note up to date. William H. Pick, Jr., the other plaintiff, testified that he was present at the time of the conversation in August 1964, and that George Pick said that interest on the note had been paid up to date at that time.

The note bore interest at the rate of 4 percent before maturity, payable semi-annually, and at the rate of 9 percent after maturity. The plaintiffs produced a copy of a check, exhibit 2, in the amount of $60, dated February 29, 1964, signed by George Pick, and payable to Louis Pick; and a copy of the deposit slip, exhibit 3, showing the deposit of the check to the account of Louis Pick. A duplicate copy of the deposit slip had been received in evidence as exhibit 8. Exhibits 2 and 3 were identified as copies of the records of the bank and should have been received in evidence.

George Pick, on direct examination, denied that the conversation in August of 1964 took place. On cross-examination he testified that he did not remember what the February 29, 1964, payment to Louis Pick was for, but that it was not for interest on the note. The evidence is in sharp conflict, but in determining the sufficiency of the evidence the plaintiffs are entitled to have every controverted fact resolved in their favor and

to have the benefit of every inference that can reasonably be drawn from the evidence. Reed v. Reed, 182 Neb. 136, 153 N. W. 2d 356.

The testimony of the plaintiffs in this action, if believed, established that George Pick had paid interest on the note up to August 1964. Exhibit 2 fixed the date of the payment from which the statutory period would run. The evidence presented a question for the jury, and the motion for a directed verdict as to the defendant George Pick should have been overruled.

It is unnecessary to consider the other assignments of error.

The judgment of the district court dismissing the action as to Marilyn Pick is affirmed. The judgment dismissing the action as to George Pick is reversed and the cause remanded for a new trial.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR A NEW TRIAL.