ELMO R. McKAMY ET AL., APPELLANTS, V. BONANZA SIRLOIN PIT, INC., ET AL., APPELLEES. 237 N. W. 2d 865

Filed January 29, 1976. No. 40138.

L. W. "Jim" Weber of Weber & Fugit, for appellants.

Emil F. Sodoro and William E. Gast, for appellees.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The appellant brought this action in the District Court for Sarpy County, Nebraska, to recover damages from the appellees for depriving their property of lateral support. At the conclusion of all the evidence, the trial court directed a verdict in favor of all the appellees. This appeal followed. We reverse as to the appellee, Midwest Franchise Corporation, and affirm as to the remaining appellees.

Before 1970, Nob Hill Addition to the City of Bellevue, Sarpy County, Nebraska, had been developed and parts of it had been improved. In 1970, the appellants purchased Lot 142 in said addition, which then had a house upon it. Lot 201A lying immediately to the west of it and unimproved was purchased later by the Midwest Franchise Corporation. In 1972, Midwest Franchise Corporation, in the course of constructing a Bonanza Sirloin Pit restaurant facility, caused the lot to be leveled to provide a site for the restaurant, parking, and delivery space. This required a cut approximately 20 feet

deep across the entire west boundary of Lot 142, within about 5 feet from the lot line. In November 1972, about 2 months after the cut was made, a wooden retaining wall about 20 feet high was built along the edge of the excavation. A month later, the earth from the appellants' property slid against the retaining wall and a portion of the wall collapsed. Subsequently a new and stronger retaining wall was built by the appellees which still remains in place. There is no evidence of later earth slides, although the appellants complain of a subsidence along their entire west boundary. In their petition, the appellants allege removal of lateral support causing damage to them; there are no allegations of negligence against any of the appellees. The appellees filed a joint general denial.

Both sides recognize the applicability of the common law rules concerning the right to lateral support between adjoining landowners. This rule is stated in 2 C. J. S., Adjoining Landowners, as follows: "Under the common law, as a natural right of property incident and attached to the ownership of the soil, an owner of land has, against coterminous owners, the absolute right to the lateral support of his soil in its natural state, * * *. This rule is based on the proposition that in a state of nature all land is held together and supported by adjacent lands through operation of forces of nature, and ownership of land is acquired and held subject to the rights and burdens arising from such situation.

"The right of lateral support for land in its natural condition is a mutual and reciprocal right between the adjoining owners, which is not dependant on any question of care or negligence. In its nature, the right is a 'servitude' rather than a common law 'easement,' although it is analogous to an easement in many respects." § 9, p. 13.

"A landowner who excavates close to the boundary line owes a nondelegable duty to prevent injury to adjacent lands from the removal of lateral support."

§ 15, p. 18. This obligation, however, rests only upon the owner who caused the making of the excavation, not on a subsequent owner, Paul v. Bailey, 109 Ga. App. 712, 137 S. E. 2d 337 (1964); nor upon a tenant, Knapp v. Cirillo, 133 N. Y. Supp. 2d 356 (1954).

The record here shows that the appellee, Midwest Investment Company, acquired title to Lot 201A in March 1973, and that the leasehold interests to Abdouch, Inc., and Bonanza Sirloin Pit, Inc., arose as of January 1, 1973. The alleged damage from loss of lateral support had already occurred. No allegations of negligence have been made against any of them nor does any theory of negligence appear from the evidence. The trial court was correct in directing a verdict for these appellees, even though a different reason for the ruling was stated by the court.

The dispute between the parties related primarily to the presence or absence of fill upon the appellants' property. The appellants and their witnesses testified generally that the property was in its natural condition and that any debris found in the displaced earth was placed there by outside sources, such as children of the neighborhood, following the slide. The contractor for appellee, Midwest Franchise Corporation, described the debris found in the earth as looking like "a typical contractor's dump" and said that the earth did not break away clean, as it would in a natural condition. A testing engineer drilled three holes on the appellants' property between their house and the west boundary of the lot finding indications of filling to depths of 5 or 6 feet, according to his opinion. Neither side appeared to be able to secure direct evidence about the previous history of the two properties or changes of grade which might have been made during the course of the development. The appellants had the burden of establishing that their land was in its natural state and that a removal of lateral support had caused damage to it. The motion by the appellees for a directed verdict has the effect of

admitting the truth of all relevant evidence, with the benefit of reasonable inferences which might be drawn from it. Wrasse v. Gustavson, 193 Neb. 41, 225 N. W. 2d 274; Pick v. Pick, 184 Neb. 716, 171 N. W. 2d 766. It is possible that reasonable minds might draw different conclusions from the testimony summarized and give different weight to various portions thereof according to the credibility of witnesses. The issues should have been submitted to the jury for its determination. Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389. The judgment is reversed and the cause remanded for retrial as to the appellee, Midwest Franchise Corporation.

Arguments were also offered concerning the nature of the right of lateral support and the extent of the servitude resting upon the owner of Lot 201A, depending upon such factors as partial filling, compacted filling, long-continued duration of a filled condition, or the presence of fill upon Lot 201A. In view of a lack of determined facts and of the necessity of speculating on possible findings by the jury, we feel that it would be inappropriate to state rules of law which might or might not be applicable to a later record.

The judgment is affirmed as to appellees, Midwest Investment Corporation, Abdouch, Inc., and Bonanza Sirloin Pit, Inc. As to the appellee, Midwest Franchise Corporation, it is reversed and the cause remanded for a new trial.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.