FIRST NATIONAL BANK AND TRUST COMPANY OF ROCKFORD, Trustee, *et al.*, Plaintiffs-Appellants, *v.* UNIVERSAL MORTGAGE & REALTY TRUST, Defendant-Appellee.

Second District (2nd Division)   No. 75-154

Opinion filed May 12, 1976.

John C. Tower, of Roskowski, Paddock, McGreevy & Johnson, of Rockford, for appellants.

Peter S. Switzer and Stephen G. Balsley, both of Barrick, Jackson, Switzer & Long, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was an action to compel lateral support to plaintiffs' real estate. The defendant moved for summary judgment which was allowed by the Circuit Court of Winnebago County. Plaintiffs appeal.

Plaintiffs are owners of parcels of real estate which have a common boundary with the real estate owned by the defendant. In 1960 or 1961 the prior owner of defendant's property graded his land so as to alter a slope which then provided lateral support to plaintiffs' property. The slope has been eroding over the past few years and the lateral support to the plaintiffs' property is in danger. None of the parties herein were owners of the involved real estate at the time the grading was done. Plaintiffs Doll acquired title in 1966, plaintiff Vogeler in 1969. Defendant did not acquire title until June 1, 1972. Defendant's motion for judgment was based on the ground that the person who altered the slope and not the person in possession at the time of injury is the one liable.

The only issue before us is whether the owner of real estate is liable to an adjoining owner where the alteration of the natural condition was made by a predecessor in title.

2 C.J.S. *Adjoining Landowners* §25 (1972) states:

> "*Time of ownership.* Where an owner of land has withdrawn lateral support from adjacent property, he remains liable therefor notwithstanding his subsequent transfer of his land to a third person. On the other hand, a purchaser of land is not liable for a condition or consequence resulting from a former owner's excavation leaving the adjoining land without lateral support."

■■ The right of lateral support is the right which soil in its natural state has to support from land adjoining it. The principle that the owner of land has the right to lateral support from the adjoining soil and that the adjacent proprietor may not remove the earth to such an extent as to withdraw the natural support of his neighbor's soil without being liable for the injury is well settled in Illinois. 1 Ill. L.&Pr. *Adjoining Landowners* §11 (1953).

Two conflicting theories as to the nature of the "right of support" of land have each contributed to the present law. The earlier of the two regarded the right as in the nature of an easement,—a natural easement subjecting the supporting land to a natural servitude. The later of the two theories was that the right is a right to the integrity of the supported land. See Restatement of Torts, 185-86 (1939).

Under the "easement" theory the burden of providing lateral support is one of continued support running against the servient land. It was on this theory that the court in *Gorton v. Schofield* (1942), 311 Mass. 352, 41 N.E.2d 12, 139 A.L.R. 1262 compelled the defendant, the present owner of the land upon which the excavation was made (and a retaining wall built) by a predecessor in title, to maintain the retaining wall in such condition as to prevent damage to plaintiff's land. Also see *Sager v. O'Connell* (1944), 67 Cal. App. 2d 27, 153 P. 2d 569.

The other theory appears in *Lyons v. Walsh* (1917), 92 Conn. 18, 101A. 488, L.R.A. 1917 F. 680 (quoted extensively in Annot., 139 A.L.R. 1262, 1268-69 (1942)) where the retaining wall had been erected by the excavator not on his land but on his neighbor's land. The court held no burden was upon the lower land so as to attach liability to the excavator's successor in title.

Plaintiffs herein have favored us with but two cases, *Gorton v. Schofield* and *Proud v. W. S. Bills & Sons, Inc.*, 119 Ill. App. 2d 33. The *Proud* case was based on the provisions of a statute[1] which has no application at all to the question before this court.

---

[1] Then Ill. Rev. Stat. 1967, ch. 70, par. 10, transferred and presently Ill. Rev. Stat. 1975, ch. 17½, par. 51.

The question as to whether the burden runs against the servient land has never been decided in Illinois except in cases involving the closely analogous right of subjacent support. In *Tankersley v. Peabody Coal Co.*, 31 Ill. 2d 496, 502, the Supreme Court held that a coal mine operator was not liable for surface subsidence caused by a predecessor in title. The court placed some reliance upon section 820(g) of the Restatement of Torts, (1939) which applies to subjacent support the same rule as section 817(j) apples to lateral support. Section 817(j) states what we believe to be the applicable law as follows:

"A possessor of land becomes subject to the liability stated in this Subsection when he withdraws from another's land the natural support furnished by his land, but he does not become liable under the rule stated in this subsection unless the other's land subsides. Transfer of his land to a third person does not relieve him of risk of liability or *subject the subsequent possessor to this liability*. The actor may avoid liability by furnishing artificial support, such as a retaining wall, sufficient to replace the natural lateral support withdrawn. The later withdrawal of such artificial support subjects the person who withdraws it to the liability stated in this Subsection." (Emphasis added.)

■■ It appears to this court that the legal cause of the harm to the plaintiffs herein was the removal of the lateral support. This defendant did not remove the lateral support, nor did it cause the same to be removed. No retaining wall was ever built by anyone and the defendant has done nothing to alter or affect the conditions as they were when it took title to the property. Since no action on its part was the legal cause of the harm, it cannot be held liable. Nor is it liable for any failure to act, and give lateral support to plaintiffs' property since only the persons who remove another's lateral support can be held liable. See Restatement of Torts §824, Comments (a) and (d) and Comment on clause (c), §822 (1939).

For the above reasons the judgment of the circuit court is affirmed.

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.