NICK CRNKOVICH, APPELLANT, v. CARL SCALETTA ET AL.,
APPELLEES.

277 N. W. 2d 416

Filed April 10, 1979.   No. 41918.

Clayton H. Shrout, for appellant.

Paul E. Watts, Gerald E. Moran, Robert C. Sigler, and Julianne M. Dunn, for appellee Carl Scaletta.

Robert M. Oberman, for appellee Citta Excavating & Wrecking Co.

Heard before SPENCER, Retired Justice, BOSLAUGH, CLINTON, and WHITE, JJ., and BARTU, District Judge.

BARTU, District Judge.

This is an appeal from a dismissal of the plaintiff

Crnkovich' petition upon motion of the defendants Scaletta and Citta Excavating and Wrecking Co. for summary judgment. Plaintiff's second amended petition alleged that Crnkovich and Scaletta were owners of adjoining lots in Southside Acres Addition in Douglas County, Nebraska; that Citta is an excavation contractor; that Scaletta contracted with Citta to excavate and level Scaletta's lot; and that in the course of doing this work Citta, at the request of Scaletta, drove heavy equipment upon Crnkovich' lot and damaged a driveway and, also at Scaletta's request, trespassed upon the plaintiff's lot and excavated a portion thereof in such a manner as to deprive Crnkovich of access to the back part of the lot and also deprive Crnkovich' lot of lateral support.

The petition purports to state four causes of action, but it is clear it states but one cause which is a trespass continuing over a period of time with various claimed elements of damage, to wit, damage to the driveway, the cost of restoring the lot to its former condition by filling the excavation, the cost of building a retaining wall to compensate for the loss of lateral support, alleged loss of rent from tenants who moved because of loss of parking, and loss of use of the rear portion of the lot for commercial storage of automobiles. The damage to the driveway was enumerated as cause of action No. I; the other elements of damage as causes II through IV.

Both defendants answered by general denial and pled the affirmative defense of release. Citta alleged that for a valuable consideration, on July 26, 1976, the plaintiff executed and delivered to Citta a release for all damage. Scaletta pled Crnkovich' release of Citta and that such release also constituted a release as to him.

At the hearing on the motion for summary judgment, evidence was introduced as follows: (1) The release, which Crnkovich admits to executing and delivering and for which he admits receiving the

stated consideration of $1,250, is admitted; (2) the deposition of Crnkovich; (3) answers of Scaletta to interrogatories; (4) Crnkovich' answers to interrogatories; and (5) the affidavit of Scaletta's attorneys. The affidavit of the attorneys may be disregarded as it contains no evidentiary matter and consists simply of legal or factual conclusions.

The first paragraph of the release recites that in consideration of the sum of $1,250, receipt of which is acknowledged, Crnkovich releases and discharges Northwestern National Insurance Co., its successors and assigns, from any and all claims and demands, actions, and causes of action in any way growing out of or connected with any claims which Crnkovich has or may have under a certain insurance policy issued by the company to Citta Excavating Co. insofar as it relates to any damages to the property at 5705 South 60th Street, Omaha, Nebraska. Crnkovich then agrees to dismiss his first cause of action in his second amended petition.

The release also contains the following: "It is further understood and agreed that this release extends to Northwestern National Insurance Co., and to Citta Excavating and Wrecking Co., Citta Excavating Co. and George Citta, Jr. but only as to the First Cause of Action (damage to driveway) of the undersigned's Second Amended Petition filed in the District Court of Douglas County, Nebraska as aforesaid.

"It is further understood and agreed that the undersigned reserves all his rights to proceed against Citta Excavating and Wrecking Co., Citta Excavating Co. and George Citta, Jr. as to any claims and causes of action not specifically released herein."

Citta argues the release of any portion of the cause of action releases the entire cause and, since Crnkovich had only one cause of action, the release, despite the limiting language, released all claims and demands.

Scaletta argues the plaintiff had but one cause of

action; that despite the limiting language of the release, all of Crnkovich' claims are barred; that the release of Citta releases Scaletta because his liability, if any, is only vicarious and the release of the party for whose acts he is allegedly responsible releases him; and that he is not responsible for the acts of Citta as an independent contractor.

Citta relies upon Fitzgerald v. Union Stock Yards Co., 89 Neb. 393, 131 N. W. 612, for support of the proposition that a release of a portion of a cause of action releases the whole. Fitzgerald does not stand for that proposition. It stands for the following propositions: "If one of several joint wrongdoers makes full payment of damages caused by injury done, there can be no further recovery for the same injury.

"If one of several joint wrongdoers makes settlement with the injured party and pays him damages which he agrees to receive and does receive as full compensation for all damages sustained, it will release all of the joint wrongdoers.

"Settlement with one of several joint wrongdoers and payment of damages is not a defense to an action against another, unless it was agreed between the parties to the settlement that such payment was in full of all damages suffered." Fitzgerald v. Union Stock Yards Co., *supra*, did not deal at all with the question of whether a release, which specifically relates to one element of damage and specifically reserves the right of action on others, necessarily releases the entire cause. One can draw quite a contrary inference from the discussion in the opinion, for it states a release of one joint tort-feasor upon payment of only a portion of the damages claimed does not release the other joint tort-feasor from a claim for the remainder of the damages suffered.

It appears to be the general rule that a release which is confined to certain claims or demands aris-

ing from a particular matter operates to release the particular claim or demand specified but does not necessarily release other claims or demands arising from the same matter, particularly those expressly excepted from its operation. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661; Wise v. Nu-Tone Co., 148 Colo. 574, 367 P. 2d 346; Summit Constr. v. Yeager, 28 Colo. App. 110, 470 P. 2d 870; Foundry Systems v. Industry Dev. Corp., 124 Ga. App. 589, 185 S. E. 2d 94; Stewart v. No. Carolina Mut. Life Ins. Co., 187 Pa. Super. 270, 144 A. 2d 507; 76 C. J. S., Release, § 51, p. 695.

The release is not ambiguous. It clearly applies only to the claim of damage to the driveway. When considered in the light of the second amended petition to which it refers, it plainly excludes claims for damages resulting from the excavation and removal of earth from a portion of the Crnkovich lot. We hold the release does not bar Crnkovich' claim against Citta for that damage.

We now consider the contention of Scaletta. As already noted, Fitzgerald v. Union Stock Yards Co., *supra*, holds a complete release of a joint tort-feasor releases the other joint tort-feasors. However, Fitzgerald, in the general discussion of the subject of the release of joint tort-feasors, points out that where the release is clearly only a partial release of a claim or cause of action, the release operates to relieve the joint tort-feasor who is not a party to the instrument only to that extent.

If Scaletta is neither a joint tort-feasor with Citta, nor vicariously liable for Citta's acts, he would not be subject to liability at all, for it is not claimed he did any act himself which resulted in the damage. We hold the release does not bar any lawful claims the plaintiff may have against Scaletta other than for the claim of damages to the driveway.

We must next determine whether or not the record discloses the District Court was for some other reason

correct in granting the motion for summary judgment.

"The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact and where under the facts he is entitled to judgment as a matter of law.

"Summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a material issue of fact must be resolved against the moving party.

"Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists." Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508.

Crnkovich' deposition testimony would justify the inference that Citta went upon Crnkovich' lot with earth-moving machinery and, without permission, excavated an area approximately 40 feet by 10 feet to a depth of 20 feet and removed the earth and hauled it away; the excavation was such that Crnkovich was deprived of access to a portion of his lot lying behind the building; and, in order to restore the lot to its former condition, fill would be required and 190 feet of retaining wall would have to be built.

As to Scaletta's part in the transaction, the plaintiff testified: "Q. Mr. Scaletta told you that he had given permission to Citta to take dirt off from Scaletta's property; is that correct? A. Right." In answer to interrogatories, Scaletta stated: "Defendant gave 'Okay' to Citta Excavating and Wrecking Co., to remove some dirt on his property at 5701 South 60th Street. He did not hire or contract with anyone." Also in answer to interrogatories, Scaletta stated he never had any notice of Citta going upon Crnkovich' lot and knew nothing of it, and did not know Crnkovich had been damaged. Crnkovich, in his deposition, testified he had a conversation with Scaletta about the "digging on Scaletta's land or on

your land?'' His answer was: ''Well, when they dug in there and I approached him on that, and he told me how he was going to build a building and so on, and that he was going to put the block building, and of course the dirt would fill up to the building, which sounded all right.'' This conversation occurred after the ''hole'' on his property had been dug. Crnkovich stated he began to get worried when ''he [Scaletta] failed to live up to his promising (sic) of filling this.'' Scaletta told Crnkovich that Citta knew where to dig, indicating he knew where the lot line was, and said, '' 'You can go talk to him, I can do nothing for you.' ''

Scaletta would be liable for Citta's trespass only if, as alleged in the petition, he either directed or ''authorized'' him to commit the trespass, or if the damage in the form of loss of lateral support was the necessary result of what Scaletta authorized to be done on his own lot. The rules are: ''An excavating owner is liable, irrespective of negligence, for damages caused by depriving of lateral support adjoining land in its natural state, even though an independent contractor performed the work, if the damage was a necessary consequence of the excavation.'' 2 C. J. S., Adjoining Landowners, § 25, p. 27. McKamy v. Bonanza Sirloin Pit, Inc., 195 Neb. 325, 237 N. W. 2d 865. ''Where the trespass is done by an independent contractor, the other party is not liable for it when it is not authorized in any way by the contract unless such other party controls the work or authorizes the specific act.'' 87 C. J. S., Trespass, § 31, c. (5) (b), p. 989.

It appears there is a disputed question of fact, so far as Scaletta is concerned, as to whether he directed the trespass, whether the damage was the necessary result of work which he authorized to be done on his own property, or whether he retained control of the work.

Citta presented no counteraffidavit or testimony

to deny having done the excavation as alleged.

It appears there are disputed questions of material fact relating to the possible liability of both defendants for damages, other than to the driveway, which must be resolved at trial.

REVERSED AND REMANDED.