John UROSEVIC *v.* Tom HAYES and
Donna HAYES, and William KEEL
and Ruth KEEL
CA 79-146                        590 S.W. 2d 77

Opinion delivered November 14, 1979
Released for publication December 5, 1979

*Hobbs, Longinetti & Bosson*, by: *Louis J. Longinetti,
III*, for appellant.

*Glover, Sanders, Parkerson & Hargraves*, by: *Robert
S. Hargraves*, for appellees and cross-appellants.

ERNIE E. WRIGHT, Chief Judge. The Appellant, John
Urosevic, appeals from the decree of the Chancery Court of
Garland County ordering that he and the appellees, his ad-

joining landowners, immediately cause a retaining wall providing lateral support to appellees' land to be restored with the cost to be shared equally between appellant and appellees. The appellees cross-appealed contending appellant should bear all the costs for restoring the retaining wall. The case has been assigned to the Court of Appeals pursuant to Rule 29 (3).

Appellant contends the court erred in ordering appellant's property restored to its prior condition and in requiring him to contribute one-half of the cost of repairs.

In the cross-appeal appellees contend the court erred in ordering appellees to contribute one-half the cost of restoring the retaining wall on appellant's property, and argue appellant should bear all the cost.

As the contentions are intertwined they will be jointly discussed.

The decree made the following findings:

At some unknown time in the past, probably prior to 1913, the Defendant's predecessors in title excavated their property and built a brick building wall along the boundary line with the property owned by the Plaintiffs's predecessors in title.

Subsequently, and probably in 1913, the building was destroyed and new improvements were constructed not covering the entire excavated area, thereby leaving the original building wall standing along the boundary line.

At some time, also unknown, the Plaintiff's predecessors in title placed fill against the original brick wall thereby putting additional pressure on the wall.

In May of 1978, the wall was struck by lightning and a portion of the wall collapsed causing the erosion of some of the Plaintiff's land. This was an Act of God and was not caused by the fault or negligence of any party.

That in the interest of fairness and equity, the Court exercises its right to create an equitable remedy by requiring the wall to be restored to such a condition as to prevent further erosion of Plaintiff's property and that the cost of restoration shall be shared equally by the Plaintiffs and the Defendant.

Neither of the parties contend the court erred in its findings, but both appellant and appellees contend the court erred in the application of the law.

The Arkansas Supreme Court apparently has not had occasion to pass upon this type issue; however, it is a well settled common law doctrine that the owner of land has the right to the lateral support of his soil in the natural state, and the law provides recourse for violation of this right.

In 1 Am. Jur. 2d, *Adjoining Landowners*, § 37, the following language is found:

The principle that the owner of land has the right to lateral support from the adjoining soil, and the adjacent proprietor may not remove the earth to such an extent as to withdraw the natural support of his neighbor's soil without being liable for the injury, may be regarded as a settled doctrine of the common law.

Numerous cases from various jurisdictions in support of this rule are to be found in 2 C.J.S., *Adjoining Landowners*, § 9.

Ownership of land is acquired and held subject to the rights and burdens arising from such conditions. *Sime* v. *Jensen*, 213 Minn. 476, 7 N.W. 2d 325 (1942.)

The rule does not preclude a landowner from excavating upon his land, but he owes a continuing duty to protect an adjoining landowner's property when the excavation removes lateral support. It is his duty to provide an artificial support if the conditions so require. 2 C.J.S. *Adjoining Landowners*, § 15. This duty extends to successive owners of the land that has been excavated. *Gorton* v. *Schofield*, 311

Mass. 352, 41 N.E. 2d 12 (1942); *Braun* v. *Hamack*, 206 Minn. 572, 289 N.W. 553 (1940); *Lyons* v. *Walsh*, 92 Conn. 18, 101 A. 488 (1917). The duty is absolute and is not predicated upon negligence. *Williams* v. *Southern Railway Co.*, 396 S.W. 2d 98 (Tenn. App. 1965); and *Levi* v. *Schwartz*, 201 Md. 575, 95 A. 2d 322 (1953).

In the present case it is undisputed that as a result of the collapse of the wall appellees' lands are subsiding and shifting upon appellant's land. Appellees each have a dwelling house upon their respective land and they will suffer continuing damages to their property unless lateral support to the land is restored.

It is apparent from the record that, while lightning struck the retaining wall on appellant's land which provided lateral support to appellees' land, the subsidence of appellees' lands would not have occurred but for the excavation that had previously been made upon appellant's land. However, the court found that additional pressure on the retaining wall was created by some fill having been placed adjacent to the wall on appellees' lands, and from the record we conclude that this was a contributing factor in bringing about the collapse of the wall and the resulting subsidence of appellees' lands. Under the circumstances of this case we conclude the Chancellor was warranted in balancing the equities by requiring the appellant to bear half the cost of restoring the wall and the appellees to bear half the cost. It appears restoration of the wall will be beneficial to the properties of both the appellant and appellees.

This proceeding was in equity and the court had the power and duty to devise a remedy appropriate to the peculiar circumstances of the case and we conclude the court's decree was equitable, appropriate and not contrary to a preponderance of the evidence. Am. J. 2d, *Equity*, § 103.

Affirmed.