David KECK and Joan Keck *v.* Julian LONGORIA and
Catherine W. Longoria

CA 88-229                                           771 S.W.2d 808

Court of Appeals of Arkansas
Division I
Opinion delivered June 28, 1989

*David Goldman*, for appellant.

*Richard L. Slagle*, for appellee.

MELVIN MAYFIELD, Judge. Joan and David Keck appeal a
decision of the Garland County Chancery Court granting judg-
ment to the appellees on the pleadings.

The pleadings disclose that the appellants are the owners of a
home in Hot Springs, Arkansas, and the appellees, Julian and
Catherine W. Longoria, are the owners of a piece of property,
adjacent to appellants' property, on which the Vapors Theatre
and Restaurant is located. In 1960 the owners of the Vapors,
predecessors in title to appellees, excavated a portion of their
property near the parties' common boundary line in order to
enlarge their parking area and building. No retaining wall was
constructed and no immediate damage resulted to appellants'
land.

On October 20, 1986, appellants filed suit against appellees
contending that the "excavation has, over the past several years,
and specifically during the past year, caused a crumbling and
deterioration of the existing wall of rock and dirt which has
resulted in a loss of foundation and stability" to appellants' home
and, as a result of the excavation and subsequent deterioration,
appellants' home now has no subjacent lateral support and is

precariously perched on top of a 65-foot cliff. The appellants originally sought money damages but subsequently amended their complaint and asked that the chancery court of Garland County "fashion an appropriate remedy based on the facts and circumstances of this particular case."

The appellees filed answers to the pleadings filed by appellants and subsequently filed a motion for judgment on the pleadings. In response to that motion and pursuant to Ark. R. Civ. P. 12(c), appellant Joan Keck submitted an affidavit in which she stated that after the excavation in approximately 1960, the appellants had no problem for several years. "However, during the past two (2) years erosion has become so bad that the house now sits on the edge of a drop of approximately seventy-five (75) feet and the house has had to be shored up by B & F Engineering Company." The affidavit contains some specific details and these conclusions: "I am afraid the house is going to fall and I fear for the safety of my family and myself. It is apparent that the adjacent property offers no support to my property and that is why I have brought this action."

In granting judgment on the pleadings, the chancellor issued a letter opinion stating that he had reviewed the law in Arkansas and other states and concluded as follows:

> My decision is based upon a review of both Arkansas law and the authorities of other states. The general rule appears to be well established in all jurisdictions that a property owner is entitled to the continued subjacent lateral support of his neighbor's property, and the neighbor who excavates his property so as to remove the subjacent lateral support becomes liable for the resulting damages. Some Courts have also imposed liability on a subsequent land owner who negligently allows substituted artificial lateral support (retaining wall) to deteriorate through lack of maintenance or repair. Arkansas is included among such Courts. *Urosevic* v. *Hayes*, 267 Ark. 739, 590 S.W.2d 77 (1979). The Court found one jurisdiction, Colorado, which has imposed liability on a subsequent land owner whose predecessor caused excavation to be performed, constructed no retaining wall and the adjacent property owner was damaged. *Gladin* v. *Von Engeln*, 575 P.2d 418

(1978). Standing alone, this case clearly represents a minority view.

In *Urosevic v. Hayes*, 267 Ark. 739, 590 S.W.2d 77 (Ark. App. 1979), cited by the chancellor in his letter opinion, this court said:

> The Arkansas Supreme Court apparently has not had occasion to pass upon this type issue; however, it is a well settled common law doctrine that the owner of land has the right to the lateral support of his soil in the natural state, and the law provides recourse for violation of this right,

267 Ark. at 741. After citing authority to support the above statement, we then stated:

> The rule does not preclude a landowner from excavating upon his land, but he owes a continuing duty to protect an adjoining landowner's property when the excavation removes lateral support. It is his duty to provide an artificial support if the conditions so require. 2 C.J.S. *Adjoining Landowners*, § 15. This duty extends to successive owners of the land that has been excavated. *Gorton v. Schofield*, 311 Mass. 352, 41 N.E.2d 12 (1942); *Braun v. Hamack*, 206 Minn. 572, 289 N.W. 553 (1940); *Lyons v. Walsh,* 92 Conn. 18, 101 A. 488 (1917). The duty is absolute and is not predicated upon negligence. *Williams v. Southern Railway Co.*, 396 S.W.2d 98 (Tenn. App. 1965); and *Levi v. Schwartz*, 201 Md. 575, 95 A.2d 322 (1953).

267 Ark. at 741-42.

Although the appellants rely upon the language in the above quoted paragraph, the cases cited there support the decision reached in *Urosevic* and that decision, as noted by the trial judge, is the general rule. In *Urosevic*, the appellant's predecessors in title had excavated their property and built a brick wall along the boundary line of the adjacent property, then owned by the appellees' predecessors in title. After the appellant and appellees purchased their respective properties, the brick wall was struck by lightning and a portion of the wall collapsed causing the erosion of some of the appellees' lands. The trial court held that while the lightning was not the fault of either party, the

subsidence of the appellees' lands would not have occurred but for the excavation that had previously been made upon appellant's land. However, the court held that additional pressure on the retaining wall was created by some fill having been placed to the wall on the appellees' lands. So, the chancellor balanced the equities and required the appellant to bear half the cost of restoring the wall and the appellees to bear half the cost. This court affirmed the chancellor saying that equity had the power and duty to devise a remedy appropriate to the circumstances of the case.

The controlling factor that distinguishes *Urosevic* from the present case is that the appellant's predecessors in title in *Urosevic* had built a retaining wall which the chancellor found the appellant had some duty to maintain. Here, no type of retaining wall had been erected by appellees' predecessors in title. In that situation, it seems to be the general rule that the subsequent owner of the land is not liable for damages caused by the excavation made by his predecessor in title. The *Urosevic* case is discussed in 4 UALR L.J. 103 (1981), where the general rule is stated as follows:

> A present owner of land is not liable for damages caused by an excavation made by his predecessor in title where the excavator did not provide artificial support to replace the natural support he removed.

Note, *Property—Lateral Support—Effect of An Act of God on Absolute Liability*, 4 UALR L.J. 108 (1981). (In footnote (3) it is stated: "Lateral support refers to the support land receives from adjacent land. It is to be distinguished from subjacent support, the support the surface of the land receives from underlying strata. The right to subjacent support arises when one party owns the surface of the land and another owns the strata beneath it." Thus, the case at bar really involves "lateral" rather than "subjacent" support.)

The Restatement (Second) of Torts § 817 (1977) states:

> (1) One who withdraws the naturally necessary lateral support of land in another's possession or support that has been substituted for the naturally necessary support, is subject to liability for a subsidence of the land of the other

that was naturally dependent upon the support withdrawn.

But Comment j to Restatement (Second) of Torts § 817(1) (1977) makes it clear that the person liable "[I]s the actor who withdraws the naturally necessary support. . . . The owner or possessor of this land is not liable under the rule stated . . . unless he was an actor in the withdrawal of support." The same rule is stated in 5 Powell, *The Law of Real Property* § 699 at 289 (1987), as follows:

> The cause of action exists against the person who made the withdrawal of support causing subsidence. Thus, the action cannot be brought against the possessor of the supporting land at the time of the subsidence for a withdrawal of support made by a predecessor of such possessor or by someone formerly in possession of the supporting land . . . . The complaint is insufficient unless it alleges that the defendant made the withdrawal of support.

The appellees in the present case cite several cases in support of this general rule. *See McKamy* v. *Bonanza Sirloin Pit, Inc.*, 195 Neb. 325, 237 N.W.2d 865 (1976) (obligation to prevent injury to adjacent lands from removal of lateral support rests only upon the owner causing the excavation, not a subsequent owner); *First National Bank and Trust Co.* v. *Universal Mortgage & Realty Trust*, 38 Ill. App. 3d 345, 347 N.E.2d 198 (1976) (only persons who remove another's lateral support can be held liable); *see also Spoo* v. *Garvin*, 32 S.W.2d 715 (Ky. Ct. App. 1930); *Paul* v. *Bailey*, 109 Ga. App. 712, 137 S.E.2d 337 (1964); *Frederick* v. *Burg*, 148 F. Supp. 673 (W.D. Penn. 1957).

Thus, we think it is clear that the general rule does not hold the owner or possessor of property liable for the withdrawal of lateral support unless he is the one who withdraws the support. Our *Urosevic* case does not hold contrary to this general rule. The liability imposed upon the appellant in that case resulted from the existence of the retaining wall built by appellant's predecessors in title and the duty imposed by equity to keep that wall repaired. In the present case, there is no wall or artificial support for the appellees to maintain or keep in repair.

Appellants also cite *Gladin* v. *Von Engeln*, 575 P.2d 418

(Colo. 1978), in support of their cause of action, but in that case the liability of the subsequent purchaser of the property was based upon the *negligence* of the purchaser. Here, the appellants' complaint does not allege that the appellees have been negligent in regard to the lateral support of the appellees' property.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.