[Civ. No. 9685. Second Appellate District, Division One.—March 24, 1936.]

J. HAROLD McDOWELL, Respondent, v. CITY OF LONG BEACH (a Municipal Corporation), Appellant.

Nowland M. Reid and Geo. W. Trammell, Jr., City Attorneys, Harlan V. Boyer, Assistant City Attorney, and Edmund J. Callaway and Joseph B. Lamb, Deputies City Attorney, for Appellant.

Ivan L. Hiler, Herman Tepp, Samuel H. London and Jay J. Stein for Respondent.

SHINN, J., *pro tem.*—Appeal by defendant from a judgment in favor of plaintiff, in an action to recover fees for architectural services.

Plaintiff, a nonresident architect, was employed by the City of Long Beach, under written contract, to prepare plans and specifications for, and to supervise the construction of, a municipal auditorium. His compensation was fixed at $84,000, of which $12,932.34 sued for herein remains unpaid. The city, by answer and cross-complaint, alleged negligence in the preparation of the plans and specifications, and sought recovery of $30,621.27, as damages. Plaintiff's claim was allowed; the city was awarded an offset of $7,832.50 as damages, and plaintiff was given judgment for the difference in the sum of $5,108.77.

Plaintiff held no certificate from the state board of architectural examiners. The court found that some two weeks prior to the date of the contract, plaintiff informed the city manager of defendant that he held no such certificate.

The statute regulating the practice of architecture, at the time of the contract (Stats. 1901, p. 641, Act 486, as amended by Stats. 1903, p. 522), read as follows: ''Section 5. After the expiration of six months from the passage of this act, it shall be unlawful, and it shall be a misdemeanor, punishable by fine of not less than fifty dollars nor more than five hundred dollars, for any person to·practice architecture without a certificate in this state, or to advertise, or put out any sign or card, or other device which might indicate to the public that he was.an architect; provided, that nothing in this act shall prevent any person from making plans for his own buildings, nor furnishing plans or other data for buildings for other persons, provided the person so furnishing such plans or data shall fully inform the person for whom such plans or data are furnished, that he, the person furnishing such plans, is not a certificated architect; provided, that nothing in this act shall prevent the employment of an architect residing out of the State of California, to prepare plans and specifications for buildings or other structures within the state, conditioned, he shall present satisfactory evidence to the board of the district in·which the structure is to be erected, that he is a competent architect, when such board shall issue to such architect a temporary certificate for such employment, upon the payment of a fee of five dollars. . . . ''

As one of its defenses, the city relied upon its claim that the contract was illegal because plaintiff was unlicensed. This is the sole point urged upon appeal.

The questions are the following: First, under the statute was it unlawful for a nonresident architect to prepare plans and data for a building to be erected in this state, when he had no full or temporary certificate issued in this state but informed the person employing him of that fact before accepting the employment or commencing the work. Second, was it unlawful for an architect under such circumstances to supervise the construction of the building and do other work incidental thereto?

The city contends that while a resident, not an architect, could lawfully prepare plans and other data for others after informing them that he held no certificate, yet a nonresident architect could not do so. The argument is based upon the provision of the statute allowing a nonresident architect, upon proof of his qualifications, to obtain a tempo-

rary certificate; it is said that this provision is the only one applying to nonresident architects; that they are therefore placed in a class by themselves and have not the rights given to others who are not architects. Under this construction it would be possible for either a resident or nonresident, who was not an architect, to lawfully practice architecture if he first informed his clients that he was unlicensed, but this privilege would be denied a nonresident architect. We are unable to give the statute this construction. A nonresident architect is given the temporary privilege to practice architecture *as a certified architect,* but this fact does not exclude him from the class of unlicensed persons who may lawfully prepare plans and data after first making known the fact that they have not been certified as competent architects. The statute plainly says that any person may do so, and it cannot be so construed as to exclude nonresidents. There could be no good reason why this right should be limited to residents of the state and to nonresidents who are not architects, and there is ample reason for believing that no such unreasonable and unsupportable discrimination was intended. The act was construed in *Ex parte McManus,* 151 Cal. 331 [90 Pac. 702], as applying to all unlicensed persons.

Under the next point it is claimed by the city that even though plaintiff could lawfully prepare plans and data he could not perform the other services contracted for unless he held either a full or temporary certificate. It was provided in the contract that the architect should draft all forms of proposals and contracts, issue certificates of payment, keep accounts and have general administration of the business and supervision of the work, and all architectural and engineering services performed under the contract, and he was to completely inspect the work in order to guard the owner against defects and deficiencies in the work of the contractor.

Appellant's contention is that an unlicensed person may do nothing more than prepare plans and data, and that as plaintiff performed other services which, it is claimed, constituted the practice of architecture, and as the contract was entire and called for services he could not legally perform, that it was void. The argument assumes that supervision of construction of a building is the practice of architecture regulated by the statute. While architects, as a common practice, supervise construction, which work they may undertake, as

plaintiff did, in connection with the furnishing of plans and specifications, it does not result that such supervision is the practice of architecture. Not everyone who supervises construction is an architect, nor is he thereby practicing architecture. "One who makes plans and specifications for a building, and superintends its construction, is an 'architect'. In fact, the rule most commonly applied does not embrace the duty of supervision." (*Payne* v. *De Vaughn*, 77 Cal. App. 399 [246 Pac. 1069].) When the statute refers to the "practice of architecture" and to "furnishing plans or other data for buildings", the former expression is not used in any broader sense than the latter; in other words, the preparation of plans and data is used as synonymous with "practice of architecture". In allowing an unlicensed person under certain conditions to prepare plans and data, the statute does not expressly grant him the right to supervise construction, but neither does it withhold that right, nor could it be arbitrarily withheld from him while all others were allowed to exercise it.

Under the facts established, plaintiff's services in preparing plans and data were expressly authorized by the law; his services, consisting of supervision of construction, were not prohibited.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.