[Civ. No. 15485.   First Dist., Div. One.   July 13, 1953.]

MATT LEHMANN, Respondent, v. CHRIS DALIS, Appellant.

William L. Mattenberger and Donald B. Richardson for Appellant.

Currie, Lebsack & Hanning for Respondent.

WOOD (Fred B.), J.—Defendant Dalis appeals from a judgment for $1,200 based upon findings that plaintiff is a duly licensed civil engineer and that defendant became in-

debted in the sum of $1,200 for work, labor and services as civil engineer in forming and drawing plans and sketches for the erection of a bowling alley building, performed and furnished by plaintiff at defendant's request.

The sole defense, upon this appeal, is that these were architectural services and plaintiff, not a licensed architect or structural engineer, did not inform defendant in writing, prior to accepting this employment, that plaintiff was not a licensed architect. Section 5537 of Business and Professions Code permits an unlicensed person to furnish to another "plans, drawings, specifications, instruments of service, or other data for buildings, if, prior to accepting employment or commencing work," he "fully informs such other person . . ., in writing, that he . . . is not an architect."

█ Plaintiff does not claim that he gave any such notice. He predicates his right to render this type of service, and be paid for it, upon his status as a registered civil engineer. This claim of his is well founded: "Civil engineering embraces the following *studies or activities in connection with* fixed works for irrigation, . . ., foundations, *framed and homogenous structures, buildings* or bridges.

(a) The economics of, *the use and design of, materials of construction* and the determination of their physical qualities. . . . (e) *The preparation and/or submission of designs, plans and specifications and engineering reports."* (Bus. & Prof. Code, § 6731, definitive of what a civil engineer is licensed to do; emphasis added.) This definition is not narrowed or cut down by the sentence which immediately follows the portion we have quoted.

█ Defendant contends that because the Civil Engineers' Act expressly exempts architects (§ 6733 of the code) and the Architectural Practice Act (Bus. & Prof. Code, §§ 5500-5604) does not expressly exempt civil engineers, the Legislature intended not to permit a civil engineer to perform any architectural service without an architect's license unless he gives written notice that he is not an architect.

We derive no such legislative intent from those statutes. It is a simple case of requiring an architect's license or the indicated written notice when architectural services are rendered and of requiring a civil engineer's certificate if civil engineering services are rendered. █ To the extent that architectural services and civil engineering services overlap, they may be rendered either by a licensed architect or by a registered civil engineer. █ The fact that the Civil Engi-

neers' Act expressly exempts the licensed architect "insofar as he practices architecture" and the Architectural Practice Act does not expressly exempt the registered civil engineer insofar as he practices civil engineering, is of no significance in ascertaining the nature and scope of the work which the former authorizes a registered civil engineer to perform and the latter authorizes a licensed architect to do.

Of similar import is defendant's argument predicated upon the express mention and recognition of "structural engineer" in the Architectural Practice Act. (Bus. & Prof. Code, §§ 5501 and 5537.) This means, says defendant, that a registered civil engineer who is not authorized to use the title of "structural engineer" cannot lawfully perform any service that an architect is licensed to perform. Here again defendant ignores the authority which the Civil Engineering Act confers upon a registered civil engineer, including as it does, some services of an architectural nature. We are not here concerned with the mere right of a registered civil engineer to use the title "structural engineer." (See Bus. & Prof. Code, § 6736, formerly § 6735.) Nor are we concerned with school buildings, plans and specifications for some types of which may be performed only by a structural engineer or a licensed architect. (Ed. Code, § 18199.)

Indeed, it would appear from the evidence herein that the plans here involved were in the nature of preliminary sketches, the preparation of which need not necessarily partake of the nature of architectural services. (See *Joseph* v. *Drew*, 36 Cal.2d 575 [225 P.2d 504] ; *W. M. Ballard Corp.* v. *Dougherty*, 106 Cal.App.2d 35, 42 [234 P.2d 745].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.