[Civ. No. 17965.   First Dist., Div. Two.   June 18, 1958.]

CHARLES FREDERICK PEAK et al., Appellants, v. RICHMOND ELEMENTARY SCHOOL DISTRICT et al., Defendants; U. S. BARBACHANO et al., Respondents.

Tinning & De Lap, James E. Cox and Robert Eshleman for Appellants.

Robert J. Cooney for Respondents.

KAUFMAN, P. J.—Plaintiffs who are home owners in El Cerrito, California, allege in their first amended complaint that the slide damage to their respective homes in the early winter of 1956 was the direct result of the negligence of a group of defendants in the excavation of a school site on land adjacent to the plaintiffs' homes. The named defendants are the Richmond Elementary School District, John H. McCosker, general contractor, Clyde and Associates, soil engineers, Orinda Excavating and Paving Company, and Barbachano, Ivanitsky and Watanabe, the architects employed by the school district. All the defendants except the architects answered the complaints. The architects who are the respondents herein, filed a general demurrer, which was sustained without leave to amend. This appeal is taken from the judgment thereafter entered in favor of respondents.

The sole issue on appeal is whether the complaint states a cause of action against the respondent architects. We think it does.

. The allegations of the complaint applicable to the architects are contained in paragraphs 14, 15, 16, 17 and 18.

■ In determining whether a complaint states facts sufficient to constitute a cause of action, the rule is that if on consideration of all facts stated, it appears that the plaintiff is entitled to any relief against the defendant, the complaint will be held good. (*Augustine* v. *Trucco,* 124 Cal.App.2d 229 [268 P.2d 780].) In the instant case, the question of what caused the damage to plaintiffs' land is one of fact; it may have been the negligence of one of the defendants or of all of them; there may have been some cause other than the conduct of the defendants. (Civ. Code, § 1708, reads as follows: "Abstinence from Injury. Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights.") ■ The Restatement of Torts, section 819, recognizes a cause of action against the architects if their negligent conduct resulted in the injury to the plaintiffs' land. We do not think that under the liberal rules of pleading in this state the plaintiffs can be denied the opportunity to try the question of proximate cause before a jury. If this court were to determine at this stage that the architects had no responsibility for the damage to the plaintiffs, the other defendants could all argue that it was not their fault but that of the faulty plans of the architects.

Respondents argue that the trial court sustained their demurrer, as a licensed architect owes no duty to a third person with whom he has not contracted, after the completion of plans and specifications. Plaintiffs contend that they are charging the architects not as architects but as excavators. The contract between the school district and the architects is not a part of the record on appeal. ■ Architects do supervise construction as a common practice. (*McDowell* v. *City of Long Beach,* 12 Cal.App.2d 634 [55 P.2d 934].) ■ The allegations of the complaint must be taken as true. The complaint further states that the architects as excavators failed to give notice or provide the necessary support in compliance with Civil Code, section 832. ■ In *Green* v. *Berge,* 105 Cal. 52 at page 58 [38 P. 539, 45 Am.St.Rep. 25], our Supreme Court said:

"A landowner has an interest in adjoining land for the lateral support of his soil. This is a limitation upon the rights

of landowners. Whoever deprives him of this support for his land, otherwise than as the statute has prescribed, performs an unlawful act. The general rule is that all who unite in such acts are wrongdoers, and are responsible in damages.''

We conclude that the judgment must be reversed with directions to the trial court to overrule the demurrer to the complaint.

Judgment reversed.

Dooling, J., and Draper, J., concurred.