[Civ. No. 25119. Second Dist., Div. Two. Oct. 19, 1961.]

THE BARONDON CORPORATION (a Corporation), Appellant, v. KUNIKA NAKAWATASE et al., Respondents.

Vaughan, Brandlin & Baggott, Moore & Trinkaus and Walter R. Trinkaus for Appellant.

Thurman & Barrett and Ernest V. Barrett for Respondents.

McMURRAY, J. pro tem.*—The Barondon Corporation, plaintiff and appellant, signed a contract with defendants and respondents wherein it undertook to assist respondents to develop certain commercial structures for leasing upon property owned by them and to prepare certain drawings, provide site work and "procure engineering" under certain terms and conditions. The contract further provided that appellants would "coordinate the exterior design of all elements of the project to insure unity of architectural design," and provided

---

*Assigned by Chairman of Judicial Council.

also the amounts and times of payment of compensation for "architectural fees." Inserted in handwriting on the contract, as descriptive of appellant, and initialed by the parties appear the words, "Industrial Designers (not Architects)."

One building having been completed under appellant's supervision and preliminary working drawings having been prepared and submitted for another building, appellant, having been paid only $5,100, sued for a balance due under the contract of $29,968.05. The pleadings stated a cause of action on the contract, a common count for quantum meruit, and a common count for the agreed value of services rendered. It is admitted that the span between bearing walls in the instance of the buildings here involved was in excess of 25 feet and that although appellant was licensed as a general contractor, it was not licensed at the times here involved either as a professional engineer or as an architect under the Business and Professions Code of California and it was stipulated that at no time material to the case was the plaintiff or any officer, member, director, or permanent employee of the plaintiff a licensed civil or professional engineer. It was further stipulated that the question of illegality of the contract should be tried first. After a trial upon that issue, the trial court found the contract illegal and entered judgment against plaintiff.

It is respondents' position that, notwithstanding the provisions of section 5537 of the Business and Professions Code,* appellant cannot recover because it also comes within those sections of the Business and Professions Code known as the Civil and Professional Engineers' Act. The latter act in Business and Professions Code section 6731, as it read at the time of this contract, provided insofar as is here pertinent: "Civil engineering embraces the following studies or activities in connection with fixed works for irrigation, drainage, water power, water supply, flood control, inland waterways, harbors, municipal improvements, railroads, highways, tunnels, airports and airways, purification of water, sewerage, refuse

---

*Section 5537, Bus. & Prof. Code, reads as follows: "This chapter does not prevent any person from making plans or drawings for his own buildings or from furnishing to other persons plans, drawings, specifications, instruments of service, or other data for building, if, prior to accepting employment or commencing work on such plans, drawings, specifications, instruments of service, or other data, the person, so furnishing such plans, drawings, specifications, instruments of service, or data, fully informs such other person or persons, in writing, that he, the person proposing to furnish such plans, drawings, specifications, instruments of service, or data, is not an architect."

disposal, foundations, framed and homogeneous structures, buildings, or bridges:

"(a) The economics of, the use and design of, materials of construction and the determination of their physical qualities.

"(b) The supervision of the construction of engineering structures.

"(c) The investigation of the laws, phenomena and forces of nature.

"(d) Appraisals or valuations.

"(e) The preparation and/or submission of designs, plans and specifications and engineering reports.

"Nothing in this chapter shall prohibit the preparation of plans, drawings, specifications, estimates, or instruments of service for single or multiple dwellings not more than two stories and basement in height; and garages or other structures appurtenant to such dwellings; farm or ranch buildings; or any other buildings, except steel frame and concrete buildings, not over one story in height, where the span between bearing walls does not exceed twenty-five (25) feet." The section also required that persons engaged in civil engineering must be registered by a state board.

Section 6737, Business and Professions Code, provides an architect, who holds a certificate to practice architecture in this state under the provisions of chapter 3 of division 3 of this code, insofar as he practices architecture in its various branches, is exempt from registration under the provisions of this chapter. It appears that appellant procured certain plans from properly licensed engineers with relation to certain structural and mechanical aspects of the buildings here involved. The trial court was undoubtedly persuaded that appellant was in fact engaged in the practice of civil engineering in violation of the licensing requirements contained in the Business and Professions Code. The provision requiring certification of architects together with its precursors have been held valid and constitutional (*Ex parte McManus,* 151 Cal. 331 [90 P. 702]) in which case it is said at page 334: "The further provision of the statute that an uncertificated architect might practice architecture to the extent stated herein, provided he informs his employer that he has no certificate, was equally in the public interest, because the employer is thereby placed on his guard as to whether he will employ an architect who has not obtained the certificate which, if his skill and knowledge warranted, he could have obtained from the state board." In *Binford* v. *Boyd,* 178 Cal. 458 [174 P. 56], it was held that a

corporation could validly render architectural services consisting of certain plans and specifications for the construction of a building where such plans and specifications were in fact prepared by a certificated architect. Also in *McDowell* v. *City of Long Beach,* 12 Cal.App.2d 634 [55 P.2d 934], a nonresident architect who had informed the defendant's city manager that he was not certificated in this state was allowed to recover for architectural services rendered in furnishing plans and data and supervision of construction of a municipal auditorium. At page 638 of that opinion it is stated: ''Under the facts established, plaintiff's services in preparing plans and data were expressly authorized by the law; his services, consisting of supervision of construction, were not prohibited.''

In *W. M. Ballard Corp.* v. *Dougherty,* 106 Cal.App.2d 35 [234 P.2d 745], it was held that a corporation not licensed to practice architecture was nevertheless entitled to recover for architectural services performed under a contract. There is no reason why a corporation cannot likewise employ certificated civil, mechanical and structural engineers to furnish their services, and such employment would appear to be specifically contemplated by the language contained in Business and Professions Code Section 6738 where it is provided in subdivision (c) : ''This chapter does not prevent or prohibit an individual, firm, company, association or corporation engaged in any line of business other than the practice of civil engineering from employing a registered civil engineer to perform civil engineering services incidental to the conduct of their business.''

Respondent places great store upon the case of *West Covina Enterprises, Inc.* v. *Chalmers,* 49 Cal.2d 754 [322 P.2d 13], where it was held that section 1411 of the Health and Safety Code and title 17, section 406 of the California Administrative Code required that architectural plans and specifications for new construction, additions, alterations or repair of any buildings to be licensed and operated as hospitals be prepared by a duly licensed architect or registered civil engineer. In that case, a nonlicensed architect, who was in fact licensed to practice in the State of Nebraska, undertook to build a hospital building and after entering into a contract reciting that he was not licensed to practice in California, repudiated the contract on the ground that performance by him was illegal because he was not licensed to practice architecture in this state. The court held that the administrative code section was a valid administrative regulation and that Chalmers could not

have rendered a lawful performance without first obtaining a license or a temporary certificate. The court, after stating that where a contract does not provide for a legal mode of performance but may be lawfully performed, it is the rule that it will be assumed that the parties contracted for a lawful performance, said at page 759: "The present contract is not, however, of that nature. It recites that it contains the whole agreement and an examination of that agreement shows that it was assumed by the parties that the defendant possessed all of the qualifications essential to a lawful performance. To now require a different performance would impose upon the defendant a burden which he did not assume under the contract. Had it been intended that the defendant should obtain a license, it would have been no task to have so provided in the contract. The finding that before entering into the agreement the defendant orally informed the plaintiff that he intended to obtain a license does not affect that conclusion. The contract purports to be a complete integration and the findings of fact are silent as to what effect, if any, such a statement could have had upon the present contract." The respondents urge that the language on page 760 of that opinion, dealing with the provisions of section 5537 of the Business and Professions Code: "The obvious purpose of that section is to except from the general licensing provisions of the code those persons who, upon written disclosure of the fact that they are unlicensed, seek to provide architectural services. It does not confer upon all persons for all purposes the right to design buildings in this state," should be applied to deprive appellant here of the right to recover under the contract made because the services rendered by appellant were in fact civil engineering services and the court below so found.

The case of *West Covina Enterprises, Inc.* v. *Chalmers, supra,* appears to be restricted to the particular facts there before the court. There is express provision inhibiting persons not duly licensed from constructing buildings for hospital use which would appear to be a salutary regulation and in the public interest, but this does not mean that rules of statutory interpretation require that the practice of architecture be relegated to an inferior position to the practice of civil engineering. In essence this is what respondents and the court below have done. They have so read the Civil and Professional Engineers' Act as to allow architecture practiced by a licensed architect to be an exemption from the engineers' licensing provisions and have further restricted the expressed exemption

from the architects' licensing requirement to the construction of buildings which come within the exempt category set forth in section 6731 of the Business and Professions Code.

In *Lehmann* v. *Dalis,* 119 Cal.App.2d 152 [259 P.2d 727], where a civil engineer was allowed to recover for drawing plans and sketches for the erection of a bowling alley building and the contention was made that this was the practice of architecture, the court said at page 154: ''Defendant contends that because the Civil Engineers' Act expressly exempts architects (§ 6733 of the code) and the Architectural Practice Act (Bus. & Prof. Code, §§ 5500-5604) does not expressly exempt civil engineers, the Legislature intended not to permit a civil engineer to perform any architectural service without an architect's license unless he gives written notice that he is not an architect.

''We derive no such legislative intent from those statutes. It is a simple case of requiring an architect's license or the indicated written notice when architectural services are rendered and of requiring a civil engineer's certificate if civil engineering services are rendered. To the extent that architectural services and civil engineering services overlap, they may be rendered either by a licensed architect or by a registered civil engineer. The fact that the Civil Engineers' Act expressly exempts the licensed architect 'insofar as he practices architecture' and the Architectural Practice Act does not expressly exempt the registered civil engineer insofar as he practices civil engineering, is of no significance in ascertaining the nature and scope of the work which the former authorizes a registered civil engineer to perform and the latter authorizes a licensed architect to do.

''Of similar import is defendant's argument predicated upon the express mention and recognition of 'structural engineer' in the Architectural Practice Act. (Bus. & Prof. Code, §§ 5501 and 5537.) This means, says defendant, that a registered civil engineer who is not authorized to use the title of 'structural engineer' cannot lawfully perform any service that an architect is licensed to perform. Here again defendant ignores the authority which the Civil Engineering Act confers upon a registered civil engineer, including as it does, some services of an architectural nature.''

To attempt to precisely define and delineate the practice of architecture as distinguished from the practice of engineering would be of doubtful assistance. Suffice it to say that the

esthetic and artistic contributions which can be made by an architect in the design and construction of buildings are of such nature as to require that the practice of that profession shall not be considered only as an adjunct of engineering. Whether or not the esthetic contributions made by appellant in the instant case are of artistic worth, designing one building to look like a large market basket, is not within the court's province to determine. The respondents here knowingly employed the appellant as an unlicensed architect. There would appear to be no reason to read into the code provisions relative to such unlicensed architects the restrictions contained in the code provisions regulating the practice of civil engineering.

The judgment that the contract here was illegal is reversed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied November 14, 1961, and respondents' petition for a hearing by the Supreme Court was denied December 13, 1961.