[No. B012845. Second Dist., Div. Five. Dec. 12, 1985.]

VIN JANG T. LEE et al., Plaintiffs and Appellants, v.
TAKAO BUILDING DEVELOPMENT CO., LTD.,
Defendant and Respondent.

COUNSEL

Floyd H. Norris for Plaintiffs and Appellants.

James S. Armstrong, Jr., and Arlene A. Colman for Defendant and Respondent.

---

OPINION

ASHBY, J.—Appellants Vin Jang T. Lee and Yeu Tsu N. Lee contest the award of a summary judgment in favor of respondent Takao Building Development Co., Ltd. (Takao). Appellants sued Takao and others in negligence and trespass for damages incurred due to the loss of lateral support of appellants' building. The trial court found that appellants' action against Takao had no merit and that there were no triable issues of fact.

■ Summary judgment may properly be granted only where no triable issue of material fact exists and where the moving party's affidavits set forth sufficient facts to sustain a judgment in its favor. (Code Civ. Proc., § 437c; *Bank of Beverly Hills* v. *Catain* (1982) 128 Cal.App.3d 28, 33 [180 Cal.Rptr. 67].) ■ On appeal from a summary judgment in favor of defendant, it is only necessary to determine whether there is any possibility that plaintiffs may be able to establish their case. (*Osmond* v. *EWAP, Inc.* (1984) 153 Cal.App.3d 842, 850 [200 Cal.Rptr. 674].)

The facts of this case are not in dispute. Appellants' property is adjacent to a lot presently owned by Takao. Takao purchased the property in April 1982. At the time of the purchase, the property consisted of a concrete basement floor within an area of approximately 5,800 square feet. Prior to April 1982 a building stood on the lot. The building was seriously damaged by fire in October 1981 and was ordered demolished by the Los Angeles Building and Safety Department. G. G. Bauman, a remaining defendant in the underlying suit,[1] contracted with another defendant, Quality Wrecking,

---

[1]Bauman is alleged to be "the successor trustee to Gladys Towles Root Geiger under the Testamentary Trust in the Last Will of Charles Henry Towles, Deceased."

and the building was demolished between November 4, 1981, and February 9, 1982. Takao became the owner of the property nearly two months after the completion of the demolition. In May 1982 appellants were advised that the demolition of the building removed the lateral support of the soil supporting the foundations of their building. Eventually, upon demand of the Building and Safety Department, appellants had the foundation reinforced at a cost of $87,000. They brought the underlying suit in this case to recover the expenditure and other consequential losses.

■ Appellants contend that Takao's liability in this case stems from the principle stated in the Restatement Second of Torts section 366.[2] Under that section, one who is in possession of land upon which there is a structure or other artificial condition which is unreasonably dangerous to persons or property outside the land can be subject to liability for harm caused by the conditions. Relying on this principle, appellants argue that Takao's failure to take steps to repair the dangerous condition caused by the removal of the lateral support was an act of negligence. Appellants have not established that a structure or other artificial condition which was unreasonably dangerous to appellants existed on Takao's property during the time of its possession of the property. Even if such condition existed on Takao's property, that fact could not establish Takao's liability in this case. Appellants are suing for damage caused by the negligent removal of the foundation wall of the demolished building, which allegedly caused appellants' building to lose its lateral support. Thus, section 366 of the Restatement has no application in this case.[3] Likewise the cases cited by appellants which apply the principle stated in section 366 are not controlling. What must be determined here is whether a subsequent owner is liable for the loss of an adjoining owner's lateral support when the loss was caused by the acts of a previous owner.

■ One who negligently withdraws lateral support of another's land or the buildings on that land is subject to liability for harm resulting to the land or the buildings. (Rest.2d Torts, § 819; see *Holtz* v. *Superior Court*

---

[2]"One who takes possession of land upon which there is an existing structure or other artificial condition unreasonably dangerous to persons or property outside of the land is subject to liability for physical harm caused to them by the condition after, but only after, [¶] (a) the possessor knows or should know of the condition, and [¶] (b) he knows or should know that it exists without the consent of those affected by it, and [¶] (c) he has failed, after a reasonable opportunity, to make it safe or otherwise to protect such persons against it." (Rest.2d Torts, § 366.)

[3]Appellants make reference to section 839 as being "[t]o the same general effect" as section 366. Section 839 "has been changed by rewording it to conform to § 366." (Rest.2d Torts (appendix) § 839.) (See fn. 2, *ante.*) Section 839 recognizes a cause of action in nuisance against a possessor who fails to abate an artificial condition. Having concluded that appellants have not established a dangerous condition on Takao's property, we find that, like section 366, section 839 has no bearing on this case.

(1970) 3 Cal.3d 296, 301, fn. 3 [90 Cal.Rptr. 345, 475 P.2d 441].) Whoever negligently deprives a landowner of the support for his land performs an unlawful act, and " '[t]he general rule is that all who unite in such acts are wrongdoers, and are responsible in damages. . . .' " (*Peak* v. *Richmond Elementary Sch. Dist.* (1958) 161 Cal.App.2d 366, 368-369 [326 P.2d 860], citing *Green* v. *Berge* (1894) 105 Cal. 52, 58 [38 P. 539].) Conversely, a landowner who took title and possession after the occurrence of the act causing the removal of the lateral support, and uncontrovertedly did not participate in the act that resulted in the removal of the support, is not responsible in damages.

The parties cite no California case deciding the issue of whether a subsequent purchaser of land is liable for the removal of lateral support caused by the previous owner, and we find no California case so deciding. ■ The court in *Sager* v. *O'Connell* (1944) 67 Cal.App.2d 27, 33 [153 P.2d 569], in determining the liability for the decay of a bulkhead erected to provide lateral support, stated that to recover a judgment against an owner it is essential to show that he or she is guilty of some act of negligence in connection with the lateral support of the adjoining property. Other jurisdictions are in accord in finding liability only where the party has acted to remove the support. ■ ■■■ ■ The court in *Fir. Nat. Bank & Trust Co.* v. *Univ. Mortg. & R. Trust* (1976) 38 Ill.App.3d 345 [347 N.E.2d 198], citing Restatement of Torts section 817, subdivision j,[4] and 2 Corpus Juris Secundum, Adjoining Landowners, section 25,[5] held that an owner of real estate is not liable to an adjoining owner for loss of lateral support where alteration of the natural condition was made by a predecessor in title. (Accord *McKamy* v. *Bonanza Sirloin Pit, Inc.* (1976) 195 Neb. 325 [237 N.W.2d 865]; *Paul* v. *Bailey* (1964) 109 Ga.App. 712 [137 S.E.2d 337].) The result should be no different where it has been alleged that the loss of support was caused by the removal of an artificial structure. Under the facts of this case, where the demolition of the building by a previous owner caused the removal of appellants' lateral support, we find no liability on the part of Takao and find no error in the award of the summary judgment.

---

[4]The pertinent language of section 817, subdivision j, is virtually identical in the first and second Restatements: "Persons subject to liability—Liability of transferees. The person liable under the rule stated in this Subsection [Withdrawing Naturally Necessary Lateral Support] is the actor who withdraws the naturally necessary support. It is immaterial whether in respect to the supporting land the actor is owner, possessor, licensee or trespasser. The owner or possessor of this land is not liable under the rule stated in this Subsection unless he was an actor in the withdrawal of support."

[5]That section states: "*Time of Ownership.* Where an owner of land has withdrawn lateral support from an adjacent property, he remains liable therefor notwithstanding his subsequent transfer of land to a third person. On the other hand, a purchaser of land is not liable for a condition or consequence resulting from a former owner's excavation leaving the adjoining land without lateral support."

The judgment is affirmed.

Feinerman, P. J., and Eagleson, J., concurred.

A petition for a rehearing was denied January 6, 1986, and appellants' petition for review by the Supreme Court was denied February 27, 1986.