**Robert F. VECCHIO, Appellant,**

v.

**Anita PINKUS, Appellee.**

**No. 2–91–262–CV.**

Court of Appeals of Texas,
Fort Worth.

June 23, 1992.

Rehearing Overruled Aug. 12, 1992.

---

David M. Glenn, Arlington, for appellant.

Carrington, Coleman, Sloman & Blumenthal, Linda M. Hood, Dallas, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

MEYERS, Justice.

Appellant, Robert F. Vecchio, appeals from a summary judgment in favor of Anita Pinkus, appellee. Vecchio brought suit against Pinkus, Rodman–Farrell, Inc., Gene Brown, and Charles Carlock claiming damages for lack of lateral support to his land. The trial court found there were no genuine issues of material fact as to Pinkus, granted judgment as a matter of law, and severed her from the lawsuit.

We affirm.

Vecchio owns Riverview Property, and Pinkus owns Creekford Property which is adjacent to Riverview. Vecchio acquired Riverview on November 6, 1985, just before Pinkus acquired Creekford on December 18, 1985. The summary judgment evidence showed that Vecchio admitted that all the excavation on the Creekford Property which is the subject of the lawsuit occurred prior to the date upon which he acquired title to Riverview. Additionally, in Pinkus' affidavit she states that she has never done, or directed anyone else to do, any excavation on Creekford.

In three points of error, Vecchio argues that genuine issues of material fact exist as to whether Pinkus owes a duty to maintain her property, and whether she was negligent in allowing the damaging condition to exist.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proven all essential elements of his cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

In Texas, the owner of land has an absolute right to the lateral support of adjoining land. *Carpentier v. Ellis*, 489 S.W.2d 388, 389 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.); *Whitehead v. Zeiller*, 265 S.W.2d 689, 691 (Tex.Civ.App.—

Fort Worth 1954, no writ). The issue in this case is whether a subsequent landowner can be held responsible for the prior landowner's excavation. The parties cite no Texas case deciding the issue of whether a subsequent purchaser of land is liable for the removal of lateral support caused by the previous owner, or has a duty to repair the damaging condition, and we find no Texas case so deciding. Other jurisdictions are in accord in finding liability only against the party who has acted to remove the support. *Keck v. Longoria*, 28 Ark. App. 277, 771 S.W.2d 808, 810 (1989) (the owner or possessor of the property is liable if he was the one who withdraws the lateral support); *Platts v. Sacramento N. Ry.*, 205 Cal.App.3d 1025, 253 Cal.Rptr. 269, 272 (1988) (emphasis in original) ("The widely held rule is that a subsequent purchaser of land is not liable for the negligent removal of *lateral* support caused by the previous owner."); *Lee v. Takao Bldg. Dev. Co.*, 175 Cal.App.3d 565, 220 Cal.Rptr. 782, 783 (1985) ("[A] landowner who took title and possession after the occurrence of the act causing the removal of the lateral support, and uncontrovertedly did not participate in the act that resulted in the removal of the support, is not responsible in damages."); *Spoo v. Garvin*, 236 Ky. 113, 32 S.W.2d 715, 716 (1930) (landowner was not liable for the condition or consequences resulting from the excavation made by the former owners that left the soil without natural support).

The issue was clearly a matter of law for the court and not a fact question for the jury. Pinkus has conclusively established that she owes no duty to Vecchio as a matter of law. Viewing the evidence in the light most favorable to Vecchio we find that no genuine issue of material fact exists and Pinkus was entitled to judgment as a matter of law. Vecchio's first, second, and third points of error are overruled.

Judgment is affirmed.

WEAVER, C.J., dissents.

WEAVER, Chief Justice, dissenting.

I respectfully dissent. As stated by the majority, a landowner has an absolute right to the lateral support of adjoining land. This rule means just what it says, being the right to have adjoining land support his property laterally. The majority concedes this right to appellant and then takes it away by holding that he only has the right to the actual lateral support of the adjoining land up to the time that some adjoining landowner removes or interferes with such support and disposes of his land. I would hold that this absolute right for collateral support runs to any owner of land, even an owner who acquires it after the lateral support has been interfered with, and as against any owner of the adjoining land. I reject the holdings of the foreign cases, as cited by the majority, as being the proper law which should be applied in this state. I would hold that the duty of lateral support from adjoining land runs with the ownership of that land. A purchaser of land certainly has the right to inspect the same for defects before acquiring it and should assume the risk of such defects. The judgment of the trial court should be reversed.