[No. B095494. Second Dist., Div. Six. May 22, 1996.]

PONDEROSA CENTER PARTNERS, Plaintiff and Respondent, v. McCLELLAN/CRUZ/GAYLORD & ASSOCIATES, Defendant and Appellant.

COUNSEL

Coleman & Raisin and George W. Coleman for Defendant and Appellant.

Leonard, Dicker & Schreiber, Richard C. Leonard, Arnelle, Hastie, McGee, Willis & Greene and Reginald D. Greene for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—McClellan/Cruz/Gaylord & Associates (MCG), an architectural firm, appeals from an order denying a motion for sanctions brought pursuant to Code of Civil Procedure section 411.35, subdivision (h).[1] The trial court found that respondent, Ponderosa Center Partners, complied with section 411.35, the certificate of merit statute, when it consulted a structural engineer before filing suit against MCG for professional negligence. We affirm.

### Facts

On April 27, 1992, a roof and canopy collapsed at the Ponderosa Shopping Center in Camarillo. Shortly after the collapse, respondent hired a structural engineer to investigate the possible causes. The investigation

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise stated.

revealed that the shopping center was rebuilt in 1982 after a fire. MCG provided the architectural services and supervised the rebuilding. On May 4, 1992, respondent filed suit against MCG and the general contractor, Charles Licha, for breach of contract and negligence. Respondent's attorney filed a section 411.35 certificate stating that he had "consulted with at least one architect or professional engineer who is licensed to practice and practices in this State, who is in the same discipline as the Defendants and who is knowledgeable about the facts of this action."

Thereafter, the Resolution Trust Corporation (RTC) acquired ownership of the shopping center. Respondent assigned its right and interest in the action to the RTC, which retained new counsel. The RTC determined that it would not be cost effective to proceed to trial and dismissed the action with prejudice.

MCG brought a motion to verify that respondent had complied with section 411.35. MCG contended that the action was frivolous and sought costs and attorney fees for having to defend. Respondent opposed the motion, asserted that the identity of the structural engineer was privileged, and made an in camera disclosure pursuant to section 411.35, subdivision (h). The trial court found that respondent complied with section 411.35. This appeal followed.

*Certificate of Merit*

Section 411.35 was enacted to discourage the filing of frivolous lawsuits. (*Guinn* v. *Dotson* (1994) 23 Cal.App.4th 262, 270 [28 Cal.Rptr.2d 409].) In an action for professional negligence against an architect, engineer, or land surveyor, the plaintiff's attorney must make a bona fide attempt to consult an architect, engineer, or land surveyor before filing suit. (§ 411.35.)

Section 411.35, subdivision (b), required that respondent file a certificate of merit declaring: "(1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one architect, professional engineer or land surveyor who is licensed to practice and practices in this state . . . in the same discipline as the defendant . . . and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action. The person consulted may not be a party to the litigation."

Section 411.35, subdivision (h), provides that a defendant, upon the favorable conclusion of litigation, may file a motion to verify that the

plaintiff complied with the certification of merit requirement. The attorney who executed the certificate must reveal, in camera, the identity of the architect, engineer, or surveyor who was consulted. (*Ibid.*) Section 411.35, subdivision (h) states in pertinent part: "If the trial judge finds there has been a failure to comply with this section, the court may order a party, a party's attorney, or both, to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of the failure to comply with this section."

■ MCG argues that there was no compliance with the certificate of merit statute because respondent consulted a structural engineer instead of an architect who practiced "in the same discipline as the defendant . . . ." (§ 411.35 subd. (b)(1).) The argument is not persuasive.

Architectural services and engineering services frequently overlap and may be rendered by a licensed architect or a registered engineer. (*Lehmann v. Dalis* (1953) 119 Cal.App.2d 152, 154 [259 P.2d 727].) Business and Professions Code section 6737 provides that a licensed architect may perform many services that are considered as the practice of civil engineering. (46 Ops.Cal.Atty.Gen. 1, 3 (1965).) A structural engineer may perform architectural services but may not use the title "architect." (Bus. & Prof. Code, § 5537.1.) " 'To the extent that architectural services and civil engineering services overlap, they may be rendered either by a licensed architect or by a registered civil engineer. . . . [¶] . . .' To attempt to precisely define and delineate the practice of architecture as distinguished from the practice of engineering would be of doubtful assistance." (*Barondon Corp.* v. *Nakawatase* (1961) 196 Cal.App.2d 392, 397 [16 Cal.Rptr. 472].)

The instant case illustrates the foregoing observation. Respondent consulted a structural engineer who investigated the roof collapse and concluded that the mansards were not properly framed. The engineer, in a May 1, 1992, written report, stated: "It is also apparent there exist inconsistencies within the structural drawings and between the architectural and structural drawings. These inconsistencies had a significant role in the collapse of the west mansard and in the potential for collapse of the north and east mansards. [¶] Our preliminary investigation to date indicates the builder, structural engineer and architect are responsible for the failure."

Respondent's attorney reviewed the report and filed the complaint on May 4, 1992, two days before the statute of limitations ran. The complaint alleged that "MCG provides architectural, engineering and design services" and that defendants "agreed to design, construct, and supervise the construction of

and/or Improvements in accordance with certain plans, specifications, designs and code requirements (the 'Plans') which were prepared by MCG and Does 1 through 10 and furnished by MCG and Does 1 through 10 to Licha and Does 11 through 100."

Respondent later amended the complaint to allege that "MCG agreed to provide additional services, including, but not limited to the following: [¶] (a) Coordinating and supervising architectural, structural engineering and electrical engineering services during the construction phase of the project; [¶] (b) Revision of roof plans and calculations; and [¶] (c) Schematic site planning, conceptual building design, coordination and project analysis leading to submittal to the City for site and building design approval."

The "Owner-Architect Agreement" supported respondent's claim that MCG had provided architectural and engineering services. MCG agreed to provide the "plans, sketches, elevations, outline specifications" and "all other necessary documents to fix and describe the size and character of the entire project as to structural, mechanical and electrical systems, materials and such other essentials as may be appropriate." In article 23 of the agreement, MCG represented that all of the drawings, plans, specifications and "work done by independent consultants for the Architect" would be free from negligent design.

MCG asserts that respondent, in preparing the certificate of merit, was required to consult an architect. We disagree. Respondent reasonably believed that a structural engineer was best qualified to render an opinion on the issue of MCG's professional negligence. Section 411.35, subdivision (b)(1), required that counsel for respondent consult "with at least one architect, [or] professional engineer . . . ." The statute further provided that "only one certificate shall be filed, notwithstanding that multiple defendants have been named in the complaint or may be named at a later time." (§ 411.35, subd. (c).)

The trial court found that respondent complied with section 411.35. No abuse of discussion occurred. Section 411.35 was enacted to discourage frivolous professional negligence suits. (*Guinn* v. *Dotson*, *supra*, 23 Cal.App.4th 262, 270.) The statutory purpose was served here. MCG, pursuant to the terms of the "Owner-Architect Agreement," contracted to provide architectual and engineering services. The trial court reasonably concluded that the structural engineer was qualified to render an opinion concerning the alleged professional negligence.

### Sanctions

Respondent requests that we impose sanctions against appellant and counsel for bringing a frivolous appeal. (§ 907.) We cannot say that that the

appeal was brought to harass the respondent or is completely without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) We therefore decline to grant sanctions.

The judgment is affirmed. Respondent and its successor in interest are awarded costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied June 18, 1996, and appellant's petition for review by the Supreme Court was denied August 14, 1996.