Ahmad **HEYDAR**, an individual,
Plaintiff–Appellant,

v.

**WESTPORT INSURANCE CORPORATION, a Missouri Corporation, Defendant–Appellee.**

No. 04–55262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Nov. 29, 2005.

---

David D. Ernst, Esq., Backus, Bland & Weber, Los Angeles, CA, for Plaintiff–Appellant.

James M. Eastham, Esq., Edward F. Ruberry, Esq., Bollinger, Ruberry & Garvey, Chicago, IL, for Defendant–Appellee.

Before: CANBY, FERNANDEZ and BERZON, Circuit Judges.

## MEMORANDUM [*]

Ahmad Heydar appeals the district court's grant of summary judgment to Westport Insurance Company in Heydar's action against Westport for refusing to defend and indemnify him on a complaint filed against him. We affirm.

(1) The district court did not err when it determined that a claim had been made against Heydar during the 2000–2001 policy period for negligent performance of his professional services [1] within the meaning of the policy. On its face, the broadly phrased complaint against him encompassed services he could (and did) perform in the construction of the house in question. See Ponderosa Ctr. Partners v. McClellan/Cruz/Gaylord & Assocs., 45 Cal. App.4th 913, 916–17, 53 Cal.Rptr.2d 64, 66 (1996). Therefore, Heydar should have presented the claim to Westport; he did not.

(2) Heydar asserts that California's notice-prejudice rule excuses his failure to file a timely notice of claim. However, that rule does not apply to claims-made-and-reported policies. See Burns v. Int'l Ins. Co., 929 F.2d 1422, 1425 (9th Cir. 1991); Helfand v. Nat'l Union Fire Ins. Co., 10 Cal.App.4th 869, 887–88, 13 Cal. Rptr.2d 295, 304–05 (1992); Pac. Employers Ins. Co. v. Superior Court, 221 Cal. App.3d 1348, 1358–60, 270 Cal.Rptr. 779, 784–85 (1990). Thus, the district court did not err when it determined that Heydar's failure to timely tender the claim against him to Westport was fatal to coverage under the 2000–2001 policy.

(3) Heydar did make a tender to Westport under the 2001–2002 policy after the underlying complaint against him was amended to add more specification regarding his professional negligence in the design and construction of the house in question. However, that was too late because the amended complaint did not spell out the violation of a new primary right; it merely gave further details regarding violation of the buyer's right to a properly designed and constructed house. See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co., 5 Cal.4th 854, 859–61, 855 P.2d 1263, 1265–67, 21 Cal.Rptr.2d 691, 693–95 (1993). Thus, the claim against Heydar was not first made during the 2001–2002 period; it was made during the 2000–2001 period. The district court did

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Those were services that he was legally qualified to perform and did perform under his California license. See Cal. Bus. & Prof. Code § 5537.1; see also Cal. Bus. & Prof. Code §§ 5500.1, 6731.3, 6736.

not err when it determined that the claim against Heydar was not covered by the 2001–2002 policy.

**AFFIRMED.**